**William Roscoe GOODALL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47176.**

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Emmett Colvin, Jr., Dallas, Jackson & Garrett, Denton, for appellant.

John Lawhon, Dist. Atty., Michael W. George, Asst. Dist. Atty., Denton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Appellant was convicted of the offense of sale of a dangerous drug; his punishment, seven (7) years.

On appeal appellant urges a single ground of error. He contends that the

court erred in allowing the jury to separate after the charge had been read, and before a verdict had been rendered, in violation of Art. 35.23, Vernon's Ann. C.C.P.

The pertinent part of Art. 35.23, supra, reads as follows:

> When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together, and not permitted to separate . . ., until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party.

The record in this cause shows that the jury was allowed to separate at the guilt stage of the trial after the charge was given, and before a finding was rendered at the guilt stage, and appellant did not consent to such separation.

The State contends that Sierra v. State, 476 S.W.2d 285, and Johnson v. State, 469 S.W.2d 581, control this appeal. In both cases a verdict had been rendered on the guilt-innocence phase of the trial before the jury was allowed to separate. This Court held that, in the absence of a showing of harm, such a procedure was within the discretion of the trial court.

The State also urges that Romero v. State, Tex.Cr.App., 458 S.W.2d 464, is in point. In that case the record showed that the defendant had personally consented to the separation.[1]

Rhynes v. State, 479 S.W.2d 70, 73, was a case where the separation occurred at the identical stage of the trial as in the case at bar and this Court held that consent was essential and where shown no error was reflected. In the case at bar no such showing is made.

Prior enactments of the statute in question forbade the separation of the jury at any time after they were sworn and impaneled.[2] If the jury did separate, it became incumbent on the State to show that such jurors did not mingle or converse with anyone not a member of the jury. Green v. State, 156 Tex.Cr.R. 22, 238 S.W.2d 775. The 1925 enactment was mandatory. Pearson v. State, 145 Tex.Cr.R. 87, 165 S.W.2d 725. Injury was presumed. Norwood v. State, 120 Tex.Cr.R. 510, 48 S.W.2d 276.

Art. 35.23, supra, permits the trial court to exercise its discretion up to the time the charge is submitted to the jury. After that point, and until the verdict is rendered, its provisions are mandatory unless agreed to by both parties.

We affirm the language of Rhynes, supra, and hold that when the jury is allowed to separate after the charge has been read by the court, and before it returns a verdict, the record must show the personal consent of appellant. Absent such a showing, the burden is on the State to rebut the presumption of harm.

The unusual situation presented by this case is that the prosecutor realized that the burden was on him to show that no harm resulted from the separation. In order to fulfill this burden he tendered a witness, but the court refused to hear him.

For the error of the court the judgment is reversed and the cause remanded.

---

1. Defendant attempted to avoid his consent by saying that he could not tactically decline. This Court answered by saying that objection could have been privately made. Nothing said in Romero v. State, supra, obviates the necessity of consent.

2. V.A.C.C.P., 1925, Art. 668, and Acts 1955, 54th Leg., p. 795, Ch. 288, Sec. 3.