Norman Leslie GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48385.

Court of Criminal Appeals of Texas.

June 12, 1974.

Rehearing Denied July 10, 1974.

Durward D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty. and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of indecent exposure to a person under sixteen years of age; punishment was assessed at five years' imprisonment.

■ By his first ground of error appellant contends the trial court erred in admitting evidence of a prior indecent exposure. Following presentation of the defense witnesses, who testified to the defense of alibi and placed appellant's identity in question, the State was permitted by its rebuttal witnesses to prove an extraneous offense which occurred two weeks prior to the charged offense. The extraneous offense and the charged offense were both shown to have occurred in the same manner, and in the same color automobile. The court by its charge properly limited consideration of the extraneous offense to the issue of identity. No error is shown. See Lee v. State, Tex.Cr.App., 496 S.W.2d 616.

■■ Next appellant contends the court improperly permitted three witnesses to identify appellant in court, asserting that improper photographic displays in the absence of defense counsel tainted the in-court identification. The trial court conducted a hearing on the matter outside the

presence of the jury and entered written findings of fact and conclusions of law, concluding that the in-court identifications were made solely on the basis of observations of appellant at the time of the offenses. The record supports the conclusions reached by the trial court. Our own examination of the record reveals that the photographic display was not conducted in a suggestive way, and that the in-court identifications were not tainted. See Johnson v. State, Tex.Cr.App., 494 S.W.2d 870. Furthermore, there is no right to counsel at a pre-trial photographic display. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619.

■ Appellant next contends two witnesses to the extraneous offense should not have been permitted to testify because they were not on the list of witnesses the State expected to call given him prior to trial under order of the court. Although appellant's motion to list State's witnesses is in the record, it does not appear on its face to have been brought to the attention of the court and a ruling secured thereon. At the time appellant interposed his objection, however, the court stated:

"He's [prosecuting attorney] turned in the witnesses that had to do with the case in chief and that's all the Court ordered them to do anyway."

We therefore can only draw the conclusion that the court had not ordered the names of the rebuttal witnesses in question be listed, and appellant's contention is without foundation in the record. Cf. Hoagland v. State, Tex.Cr.App., 494 S.W.2d 186.

■ By his fourth ground of error appellant contends the court erred in permitting the jury to separate after being charged without consent of the defendant, in violation of Article 35.23, Vernon's Ann.C.C.P. Although appellant asserts the jury was allowed to separate over counsel's objections, this assertion is utterly without

foundation in the record. We have repeatedly held that, where the record is silent, there is a presumption that procedural rules were complied with. See, e. g., Davis v. State, Tex.Cr.App., 507 S.W.2d 740 (presumed that proper number of jurors impaneled); Bishop v. State, Tex.Cr.App., 507 S.W.2d 745 (indictment presumed filed after commission of alleged offenses); Lewis v. State, Tex.Cr.App., 501 S.W.2d 88 (procedural requirements on convictions in enhancement counts presumed); Haas v. State, Tex.Cr.App., 498 S.W.2d 206 (exercise of discretion in allowing witness who violated rule to testify presumed properly exercised); Arnold v. State, Tex.Cr. App., 486 S.W.2d 345 (venue proven and jury properly impaneled and sworn are presumed); Ex parte Rocha, Tex.Cr.App., 482 S.W.2d 169 (regularity of judgment presumed on habeas corpus); Morgan v. State, Tex.Cr.App., 470 S.W.2d 877 (notice prior to introduction of bill in the Legislature presumed); Lipscomb v. State, Tex. Cr.App., 467 S.W.2d 417 (compliance with Article 36.27, V.A.C.C.P., presumed). Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity must prevail.[1]

Neither Goodall v. State, Tex.Cr.App., 501 S.W.2d 342, nor Rhynes v. State, Tex. Cr.App., 479 S.W.2d 70, supports appellant on this ground of error. First, in *Goodall,* supra, the defendant developed the record on the hearing of his motion for new trial, which affirmatively showed he did not consent to the separation. In *Rhynes,* supra, the record was likewise developed on motion for new trial. In the instant case appellant did not raise the issue of jury separation among those grounds urged in his motion for new trial, but instead raised the issue for the first time on appeal.

Second, *Goodall,* supra, reversed not for a failure of the record to show consent: "The record in this cause shows . . . appellant did not consent to such separa-

---

1. See and compare Art. 44.24, V.A.C.C.P.

tion." It was not upon lack of consent alone that *Goodall* was reversed, but upon that showing coupled with the failure of the State to rebut the presumption of harm. Here, appellant having raised the contention for the first time on appeal, even if there were no consent, the State was denied even the opportunity of showing any erroneous separation was harmless. Clearly *Goodall* does not support reversal on a silent record.

 It is true that *Goodall* cites *Rhynes,* supra, for the proposition that "the record must show the personal consent of appellant." *Rhynes,* however, no more supports that proposition than it supports appellant in the instant case. In *Rhynes,* as in *Goodall,* the record was developed at a hearing on a motion for new trial. That record reflected that defense counsel consented to separation of the jury but was undeveloped on the question of whether the defendant personally consented to the separation. Upon that incomplete record this Court held:

> "We agree that the record *should* show that appellant personally consented to the jury separation at that stage of the trial. Article 35.23, Vernon's Ann. C.C.P. However, *under the state of the record before us,* we cannot say that appellant did not agree thereto." (Emphasis added.)

The clear implication of this holding is that an incomplete, undeveloped, or silent record is not sufficient for this Court to conclude that consent was not given. The burden is on appellant to show he was denied a fair trial, not on the State to show he was accorded a perfect trial. No reversible error is shown.

By his fifth ground of error appellant asserts that the evidence was insufficient in that no admissible evidence connected appellant with the commission of the offense. Appellant apparently is relying upon his earlier contention that the in-court identification should have been ex-

cluded. That contention having been rejected, the positive identification of appellant was sufficient evidence connecting him with the offense.

Next appellant claims his sentence of five years is excessive. Being within the range of punishment set by the Legislature (Article 535c, Vernon's Ann.P.C.), no error is shown. Zulpo v. State, Tex. Cr.App., 415 S.W.2d 650.

Finally, appellant asserts that Article 535c, V.A.P.C., under which he was convicted is unconstitutionally vague and indefinite. Appellant declines to benefit this Court with citation of authorities or argument beyond the bare conclusion that the statute is vague and indefinite. After an examination of the statute, we conclude it reflects no such defect of vagueness.

Finding no reversible error, the judgment is affirmed.