Marshall WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0474–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 1, 1982.
Discretionary Review Denied
July 14, 1982.

Kenneth W. Sparks, Houston, for appellant.

Larry P. Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

OPINION

SMITH, Justice.

This is an appeal from a conviction of the offense of robbery, in which the jury found that the appellant had twice before been convicted of a felony; the sentence, life imprisonment.

The complaining witness testified that on the afternoon of October 3, 1980, he noticed three men in an old white pickup pull up to his liquor store in Crosby, Texas. The three men, one of them being the appellant, entered the store and one requested a half pint of whiskey, whereupon the complainant turned to get the bottle off of the shelf. When he turned back around he heard someone say, "Get down," and he saw that one of the men had Mr. Hand, an employee, in a headlock. At this time the complainant got down behind the counter as he was told. One of the men who had entered the store, came behind the counter and took the complainant's wallet and a money box. The complainant did not see what the appellant was doing during this robbery. The men forced the complainant and Mr. Hand into the back room and told them to stay there. About a minute after the three men had left, the complainant ran from the room, took down a part of the pickup's license number, and called the police. He then made an inventory of what was stolen, which was $65 to $75 in loose coins, several Canadian coins and some American currency, consisting of one, five and ten dollar bills. Subsequently a police officer took the complainant to Verallo Road, where the complainant identified the pickup and the three men who robbed the store. Three days later the stolen property was returned, including some of the Canadian coins.

Mr. Hand, the employee, testified that a co-defendant in this case, Mr. Armstrong, grabbed him around the head, put a gun to his stomach, and told him to get down. Mr. Hand was not able to see the face of the man who took the money box and wallet, nor did he positively identify the appellant.

A police officer testified that while he was responding to the robbery call, he came upon and pursued the vehicle and occupants described in the report. The police officer turned on his siren and flashing lights, and pursued the pickup for about four or five minutes, reaching speeds of seventy-five to eighty miles per hour. The driver of the pickup truck finally pulled over and the officer ordered the men out of the truck. The men's pockets were bulging with wadded up bills, and loose change and bills were dumped on the floor of the truck. He further testified that the wallet, coin box, and pistol were recovered, and the appellant was the driver of the truck.

The appellant asserts in his first ground of error that the trial court erred in permitting the jury to separate after the charge had been read, and that the appellant did not consent to such separation.

The record reflects that the trial court, after having granted the appellant's motion for an instructed verdict as to aggravated robbery, erroneously submitted a verdict form allowing the jury to find the appellant guilty of aggravated robbery instead of robbery. It further reflects that the presiding trial judge had been called out when the jury reached its verdict and that another judge received the verdict. Although the State informed the substitute judge that the verdict form was incorrect, the substitute judge excused the jury for a noon recess. After the noon recess, the presiding judge returned, and when the jury's verdict of guilty on the incorrect verdict form was brought to his attention, he stated into the record that the verdict form was incorrect and that it was inadvertently submitted. He then read a supplemental charge to the jury charging the defendant with the offense of robbery, and resubmitted the case to the jury for its decision. The jury found the appellant guilty of robbery under the supplemental charge.

The appellant complains in his first ground of error that reversible error was committed when the jury was permitted to separate for lunch after the court had received a guilty verdict of aggravated robbery and prior to the time the proper verdict form was submitted to the jury.

At the time the jury was recessed for lunch the appellant objected to the charge and verdict itself, not the separation by the jury. Subsequently the appellant filed a bill of exception in which he stated:

> he never consented to any separation of the jury from the time that they entered their verdict of guilty as to aggravated robbery until such time as they entered their verdict of guilty to robbery. Furthermore, that the jurors were allowed to separate between the entry of the above two verdicts and were allowed to go to lunch and separate among themselves without being maintained in a group in the company of a baliff or any other officer.

Article 35.23 of the Code of Criminal Procedure states that when the court has given its charge to the jury, the jury shall stay together until a verdict has been rendered, unless they are permitted to separate by permission of the court with the consent of each party. This statute is mandatory, and in the absence of a showing of personal consent of the appellant, the burden is on the State to rebut the presumption of harm. *Goodall v. State*, 501 S.W.2d 342 (Tex.Cr. App.1973).

The State contends that the presumption is overcome due to the unusual circumstances of the case and it asserts that the subsequent correct verdict was a finding of guilty of a lesser included offense of the first verdict. It reasons that since the appellant was necessarily found guilty of robbery in the first verdict, a finding of guilty of the offense of aggravated robbery subsumes a finding of guilty of robbery, and therefore the appellant cannot be heard to complain of harm by the second verdict.

A similar situation arose in *Jason v. State*, 589 S.W.2d 447 (Tex.Cr.App.1979), except in that case the defendant was charged with aggravated rape of a child, but the verdict form required the jury to find the defendant guilty or not guilty of "rape of a child, as charged in the indictment." The defendant in that case claimed

that the omission of the word "aggravated" from the verdict required a reversal, but the Court of Criminal Appeals disagreed, stating that since every phase of the trial involved aggravated rape of a child, then the language of the verdict should be interpreted in light of the indictment and charge.

In the present case, the charge of the court stated that the defendant is charged with the offense of aggravated robbery, but the content of the charge, i.e. the law as applied to the facts, the definitions and the instructions, is worded in such a manner as to be applicable to the offense of robbery, not aggravated robbery. The original verdict form was worded in such a manner as to find the defendant guilty or not guilty of the offense of aggravated robbery. The supplemental charge submitted to the jury read as follows:

Ladies and gentlemen of the jury:

The court submitted to you a charge which contained a verdict sheet with the option to acquit or to find the defendant guilty of the offense of aggravated robbery. The verdict of guilty of aggravated robbery was improperly submitted to you. The verdict sheet should read:

We, the jury find the defendant, Marshall Wells, not guilty of robbery.

_____
Foreperson

Or

We, the jury, find the defendant, Marshall Wells guilty or robbery.

_____
Foreperson

You are therefore instructed to consider your verdict concerning the offense of robbery and render your verdict on that charge alone disregarding aggravated robbery.

The supplemental charge was then signed by the presiding judge of the trial court.

■ The appellant does not complain about the use of the supplemental charge, but he does complain about the court permitting the jury to separate after the charge had been read when the appellant had not consented to such separation. We are of the opinion that the State has sustained its burden of proof to rebut the presumption of harm by a showing of the unusual circumstances of this case. The offense of robbery is of necessity included in the offense of aggravated robbery. With the exception of the clerical error of typing in aggravated robbery rather than robbery in the charge, the charge was a proper charge. The appellant's first ground of error is overruled.

The appellant's second ground of error alleges that the trial court erred by failing to properly apply the law to the facts in the instructions to the jury regarding the appellant's status as a party to the alleged offense. The appellant urges that since there was no evidence to support the fact that the appellant was acting alone, that the trial court erred when it allowed the jury to convict the appellant as "acting alone or together as a party." The Texas Court of Criminal Appeals has addressed this contention in *Savant v. State*, 544 S.W.2d 408 (Tex.Cr.App.1976), and in *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App.1978). The court, in both cases, held that even though the evidence did not support a conviction on a theory that the defendant was acting alone, where no timely objection is made then fundamental error did not exist. The issue, then, is whether appellant properly objected to the charge in this case. The appellant's objection is as follows:

And further, that the Court's charge regarding parties is incorrect contained on page three of the indictment beginning with paragraph three; and further, that the evidence introduced by the State in this case does not show that this defendant Wells was a party to the offense and the language on parties does not purport to deal with him individually and does not require the jury to find as a matter of fact that he was the party to the offense on trial prior to convicting him for the same and would allow the jury without making any specific finding that the defendant Wells was a party to the offense to convict him.

It appears that the appellant's objection is requesting a charge that the appellant was acting alone. To constitute a valid objection the objection must be specific and clear enough to apprise the trial court of the nature of the objection. *James v. State*, 418 S.W.2d 513 (Tex.Cr.App.1967). Even though the appellant did timely object to the charge, we are of the opinion that the objection was not specific enough to sufficiently point out the error now being claimed on appeal. The appellant's second ground of error is overruled.

The appellant's next five grounds of error contend that the evidence was insufficient to support the appellant's conviction. He asserts that the evidence is only circumstantial, amounting only to a strong suspicion, and was insufficient to prove intent and knowledge on the part of the appellant. He states that the only evidence of probative force was that he was present at the scene of the robbery, and that he was the driver of the truck. He urges that there was no evidence to show that he was an acting participant in the robbery.

We cannot concur in this summarization of the evidence. The record reflects that the appellant arrived with the two other robbers in the truck, that he entered the liquor store and stood side by side with the other two robbers while one of them asked for a bottle of liquor, that he was in the store when the cash box containing the bills and change was taken, that he and a third robber who had taken the cash box containing the bills and change, exited the store together, that he drove the get-away truck, and that he and the other two robbers had wads of bills in their pockets when the truck was stopped. We are of the opinion that this is not a circumstantial evidence case. The fact that the appellant was the driver of the get-away car is sufficient to convict appellant for robbery. *Greer v. State*, 168 Tex.Cr.R. 485, 329 S.W.2d 885 (1959); *Gerzin v. State*, 447 S.W.2d 925 (Tex.Cr.App.1969). The appellant's grounds of error three through seven are overruled.

In his grounds of error eight and nine, the appellant contends that the State violated Art. 38.08 of the Texas Code of Criminal Procedure which states that the failure of the defendant to testify may not be commented upon by counsel. He first complains of the following jury argument:

If you want those items to be brought down here to be shown or exhibited for whatever you feel like they might offer, you have merely to make the request to that man and it will be done. If there was a TV camera that showed anything different other than what the State contends, I would suggest to you it's pretty easy to bring it down here and let Mr. Wells—

MR. MONTGOMERY: Object to this commenting on the defendant's failure to testify. Object to it on those grounds.

THE COURT: Objection sustained.

MR. MONTGOMERY: We would ask that the jury be instructed to disregard the statement.

THE COURT: Jury will disregard it.

MR. MONTGOMERY: Ask for a mistrial.

THE COURT: Overruled.

The appellant contends that this is a comment upon the appellant's failure to testify, and he further contends that the following jury argument is also in direct reference to the appellant's failure to testify:

Mr. Montgomery tells you when it comes down to his client, Wells, and about who is driving a car in this high speed chase that he just didn't believe the officer. And he didn't think you should either. That's his personal opinion. He wants you to say by your verdict not guilty; he wants him to be found not guilty.

I think you can, when he tells you you shouldn't believe the officer because he doesn't believe it about the high speed chase; not that there's any evidence about the high speed chase, just that he didn't believe it.

MR. MONTGOMERY: Object to failure to testify.

THE COURT: Overruled.

MR. MONTGOMERY: Object to no evidence. Your Honor, object to this last statement as defendant's failure to testify or produce evidence on his behalf.

THE COURT: Overruled.

■ In determining whether the remarks made during the course of a jury argument are a comment by counsel upon the failure of a defendant to testify, we must look at the language used from the standpoint of the jury. *Winkle v. State,* 506 S.W.2d 891 (Tex.Cr.App.1974). The language cannot merely be an implied or indirect allusion to the failure to testify. *Winkle, supra.* If there are other reasonable deductions that could be made by a jury from such jury arguments, or where there is other possible evidence that the remarks might have applied to, then it cannot be concluded that the language was of such character that the jury would necessarily take it to be a comment on the appellant's failure to testify. *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr. App.1974).

■ In the first instance we are of the opinion that the jury argument could reasonably be construed as a comment on the fact that the appellant could have used his supoena power to bring a television camera into the courtroom. In the second instance, we are of the opinion that the jury argument was that appellant's counsel merely did not believe the testimony of the officer. We hold that the above arguments are reasonably susceptible to more than one interpretation of construction, and that it cannot be concluded that the language was of such character that the jury would necessarily take it to be a comment upon the appellant's failure to testify. The appellant's grounds of error eight and nine are overruled.

The plaintiff's ground of error number ten asserts that the following argument by the State was an attack upon the defense counsel:

MR. MOEN: Yet, it's his personal opinion there wasn't a high speed chase, because it's what Mr. Wells implies in light of all the other facts concerning this case. Everytime it comes to something Mr. Wells has done, Mr. Montgomery suggests you shouldn't believe it. I'm suggesting you should believe the facts, not rely just on the lawyer's personal opinions. Personal opinions, as a matter of fact, aren't supposed to enter into lawyers dealings and as a matter of the cannon of ethics are not supposed to explain believability or—

MR. MONTGOMERY: Excuse me, Your Honor, we would object to that as outside the record and also not being part of the code of professional responsibility.

THE COURT: Overruled.

It is the appellant's contention that the above jury argument suggests that the appellant's counsel was unethical, and was equivalent to accusing counsel of manufacturing evidence, lying, or suppressing the truth.

■ We are of the opinion that the appellant is placing a strained construction upon opposing counsel's remarks. A close reading of the remarks makes it obvious that counsel for the State was attempting to suggest to the jury that it should rely on the facts of the case and not upon the lawyer's personal opinions in arriving at their verdict. The prosecutor's remarks concerning personal opinions of attorneys being injected into jury argument are basically correct. Canon 7 of the State Bar Rules of Texas entitled "Ethical Consideration" in Sec. EC 7–24 states in pertinent part:

The expression by a lawyer of his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused is not a proper subject for argument for the trier of fact. It is improper as to factual matters because admissible evidence possessed by a lawyer should be presented only as sworn testimony. It is improper as to all other matters because, where the rule otherwise, the silence of a lawyer on a given occasion could be construed unfavorable to his client. However, a lawyer may argue, on his analysis of the evi-

dence, for any position or conclusion with respect to any of the foregoing matters.

We are of the opinion that the prosecutor's remarks were responsive to the appellant's counsel's jury argument and were not an attack upon the appellant's counsel. The appellant's tenth ground of error is overruled.

The appellant's eleventh ground of error alleges the following statement made by the trial judge during voir dire constituted fundamental error:

Those of you who are selected, you're going to be released until 2:00 o'clock. I will ask you to be back here at that time. There will be juror identification cards given to you. I will ask you to wear those around the courthouse complex so that nobody will say anything in front of you that will result in a mistrial. An average three-day jury trial costs forty thousand dollars.

You can appreciate that mistrials are expensive. So, we try to avoid them at all costs.

 Appellant cites as authority for his contention the cases of *Mahaney v. State*, 95 Tex.Cr.R. 443, 254 S.W. 946 (1923), and *Pennington v. State*, 172 Tex.Cr.R. 40, 353 S.W.2d 451 (1962). We believe the cases cited by the appellant are distinguishable from the facts we have in this case. In those cases the remarks made by the judge were susceptible of interpretation by the jury that the court felt the verdict would be guilty. In this case it is obvious that the court is informing the jurors that he wants them to wear their identification cards so that no one would say anything improper in front of them which would result in a mistrial. Although the trial judge could have expressed himself in a more desirable manner, we find no fundamental error in his remarks. The judge's remarks were not objected to during the course of the trial, and in the absence of fundamental error, the appellant has waived his objection. The complainant's eleventh ground of error is overruled.

In his ground of error number twelve the appellant contends that the court included an improper definition of theft over the objection of appellant. The charge states as follows:

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

So that you may better understand the nature of the offense with which the defendant is charged, I now define certain terms and words.

The term "in the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commissions of theft.

"Theft" means to obtain or exercise control over the property without the owner's effective consent and with intent to deprive the owner of property.

 The appellant contends on appeal that the theft statute, Sec. 31.01(5)(B) of the Penal Code includes the element of appropriation, which is defined as, "(B) to acquire or otherwise exercise control over property other than real property." We find no merit in this contention as the court used the equivalent of the word "appropriate" in that it stated "to obtain or exercise control over property without the owner's effective consent—". Appellant's twelfth ground of error is overruled.

 The appellant's final ground of error complains of the following jury charge:

A defendant in a criminal case is not bound by law to testify in his own behalf therein but the *failure* of any defendant to so testify shall not be taken as a circumstance against him nor shall the same be alluded to nor commented upon by the jury, and you must not refer to or mention, comment upon or discuss the *failure* of the defendant to testify in this case, and any juror doing so may be guilty of contempt of court. If any juror starts to mention the defendant's *failure* to testify in this case it is the duty of the other

jurors to stop him at once. (emphasis added.)

The appellant's complaint is that the repeated use of the word "failure" of the defendant to testify conveys to the jury the idea that a defendant has a duty or obligation to testify. This same contention was made in the case of *Viduarri v. State*, 626 S.W.2d 749 (Tex.Cr.App.1981) and the Texas Court of Criminal Appeals overruled the contention. The appellant's thirteenth ground of error is overruled.

The judgment of the trial court is affirmed.