IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,361






JOSE LUIS VILLEGAS, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL


FROM NUECES COUNTY






 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J., and
Price, Johnson, Keasler, Hervey, and Cochran, JJ., joined. Meyers, J.,
joined the opinion except its discussion of points of error three and four,
with which he concurred in the result. Womack, J., concurred in the result. 



O P I N I O N



 In May 2002, a jury convicted appellant of capital murder. Tex. Penal Code Ann.
§ 19.03(a). Pursuant to the jury's answers to the special issues set forth in Texas Code of
Criminal Procedure Article 37.071, §§ 2(b) and 2(e), the trial judge sentenced appellant to
death. Art. 37.071 § 2(g). (1) Direct appeal to this Court is automatic. Art. 37.071 § 2(h). 
Appellant raises seven points of error. We affirm.

EFFECTIVE ASSISTANCE OF COUNSEL


 In points of error two, three, and four, appellant contends that his trial counsel
rendered ineffective assistance. Specifically, appellant complains that his counsel rendered
ineffective assistance when he failed to use all fifteen of his allotted peremptory strikes,
failed to attempt to qualify as jurors any veniremember with reservations about the death
penalty, and failed to utilize his right to individual voir dire afforded by Article 35.17. 

 The proper standard for reviewing an ineffective assistance of counsel claim was
established in Strickland v. Washington, 466 U.S. 668 (1984)(adopted by this Court in
Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986)). Under Strickland, an
appellant must first demonstrate that his trial counsel's performance was deficient. 
Secondly, he must show that his counsel's deficient performance was so serious that it
prejudiced his defense, rendering the trial unfair and the verdict suspect. Strickland, 466
U.S. at 687; Lockhart v. Fretwell, 506 U.S. 364 (1993). In other words, appellant must
prove by a preponderance of the evidence that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms and that this
deficient performance rendered the result of the proceeding unreliable. Strickland, 466
U.S. at 687. Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and professional
assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Chambers v. State,
903 S.W.2d 21, 33 (Tex. Crim. App. 1995). Further, the analysis is undertaken in light of
the "totality of the representation" rather than by examining isolated acts or omissions of
trial counsel. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), cert.
denied, 480 U.S. 940 (1987). The fact that another attorney may have pursued a different
tactic at trial is insufficient to prove a claim of ineffective assistance. King v. State, 649
S.W.2d 42 (Tex. Crim. App. 1983).

 Under most circumstances, the record on direct appeal will not be sufficient to
show that counsel's representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the strong presumption that counsel's conduct was
reasonable and professional. Bone, 77 S.W.3d at 833. As this Court recently explained,
rarely will the trial record contain sufficient information to permit a reviewing court to
fairly evaluate the merits of such a serious allegation: "[i]n the majority of cases, the
record on direct appeal is simply undeveloped and cannot adequately reflect the failings of
trial counsel." Id. A reviewing court can frequently speculate on both sides of an issue, but
ineffective assistance claims are not built on retrospective speculation; rather, they must
"be firmly founded in the record." Id. 

 The record in the instant case is not sufficiently developed on appellant's claims of
ineffective assistance of counsel. For example, the record does not show why the trial
court conducted voir dire as it did or whether the parties had any agreements concerning
voir dire. From the information available to us, we can only speculate as to why counsel
acted or failed to act as he did, and such speculation is beyond the purview of this Court. 
Id.; Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997); Jackson v. State, 877
S.W.2d 768, 771-72 (Tex. Crim. App. 1994)(Baird, J., concurring). Without more, we
must presume that counsel acted pursuant to a reasonable trial strategy. Id. Points of error
two, three and four are overruled.

CONSTITUTIONALITY OF DEATH PENALTY SCHEME


 In his first point of error, appellant asserts that "he was denied his rights under the
Eighth and Fourteenth Amendments of the United States Constitution because the Texas
death penalty statute fails to give a jury the option of imposing a sentence of life without
the possibility of parole." Citing Penry v. Lynaugh, 492 U.S. 302, 330 (1989), Ford v.
Wainwright, 477 U.S. 399, 405 (1986), and several statutes from states other than Texas,
appellant argues that the Texas death penalty scheme is unconstitutional because evolving
standards of decency demand that capital sentencing authorities be permitted to consider
imposing a sentence providing for life without parole as an alternative to the death penalty. 
Without this option, he contends the death penalty amounts to cruel and unusual
punishment. This Court has addressed and rejected this precise argument. Arnold v. State,
873 S.W.2d 27, 39-40 (Tex. Crim. App. 1993), cert. denied, 513 U.S. 830 (1994). 
Appellant's first point of error is overruled. 

 Appellant complains in his fifth point of error that he was denied his rights under the
Fifth, Eighth, and Fourteenth Amendments to the United States Constitution "because the
instructions given at the punishment phase misled the jury regarding the effect of a 'no'
vote by a single juror." In other words, appellant asserts that the provision in Article
37.071 that prohibits the court, the prosecutor, the defendant, or the defendant's counsel
from informing jurors or prospective jurors of the effect of a failure to agree on the issues
is unconstitutional. Art. 37.071 §§ 2(a)(1) and 2(g). This Court has addressed and rejected
this argument, and appellant has given us no reason to revisit the issue here. Rousseau v.
State, 855 S.W.2d 666, 686-87 (Tex. Crim. App.), cert. denied, 510 S.W.2d 919 (1993). 
Point of error five is overruled. 

 In his sixth point of error, appellant claims that the United States Constitution
requires the State to bear the burden to prove insufficient mitigation beyond a reasonable
doubt. He argues that this is so because eligibility for the death penalty is no longer narrow
due to the many different manner and means of committing capital murder under Texas
Penal Code § 19.03(a). This Court has previously rejected this claim. Brooks v. State, 990
S.W.2d 278, 288 (Tex. Crim. App. 1999)(and cases cited therein), cert. denied, 528 U.S.
956 (1999). Point of error six is overruled. 

 Finally, appellant asserts in point of error number seven that he was denied his rights
under the Eighth and Fourteenth Amendments to the United States Constitution because the
State waived its right to open the arguments at the punishment phase. Appellant did not
object to this waiver and proceeded to argue first to the jury. Because he failed to object,
appellant has forfeited any potential complaint for appeal. Tex. R. App. P. 33.1. Point of
error seven is overruled.

 We affirm the judgment of the trial court. 

Delivered February 18, 2004

En banc 

Do Not Publish
1. Unless otherwise indicated, all references to Articles refer to the Code of Criminal
Procedure.