ACCEPTED
06-14-00183-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/8/2015 8:35:37 PM
DEBBIE AUTREY
CLERK

No.  06-14-00183-CR

# IN THE COURT OF APPEALS
# OF THE SIXTH SUPREME JUDICIAL DISTRICT
# OF THE STATE OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/9/2015 8:54:00 AM
DEBBIE AUTREY
Clerk

## Donald Ray Brown

*Appellant*

## v.

## The State of Texas

*Appellee*

Appeal in Cause No. 11F0860-005
In the 5th Judicial District Court of Bowie County
Honorable Ralph Burgess, Presiding

# APPELLANT'S BRIEF

**CRAIG L. HENRY**
Attorney at Law
723 Main Street
Texarkana, Texas 75504-3226
(903)  792-4645
FAX-(903)  792-5073
Texas Bar # 09479260
Arkansas Bar # 90142
Oklahoma Bar # 016779
Attorney for Appellant

# ORAL ARGUMENT IS NOT REQUESTED

# IDENTITY OF THE PARTIES AND COUNSEL

1.     Donald Ray Brown– Appellant

2.     State of Texas – Appellee

3.     Butch Dunbar, Dunbar & Morgan, 5301 Summerhill Road, Texarkana, Texas 75503 – Trial counsel for Appellant.

4.     Craig L. Henry, 723 Main Street, Texarkana, Texas 75501– Appellate counsel for Appellant.

5.     Kelly Crisp and Samantha Oglesby, District Attorney's Office for Bowie County, Texas, 601 Main Street, Texarkana, Texas 75563 – Trial and appellate counsel for Appellee.

# **TABLE OF CONTENTS**

Index of Authorities…………………………………………………………....iii-iv

Statement of the Case…………………………………………………………...v

Statement Regarding Oral Argument…………………………………………...v

Issues Presented…………………………………………………………..vi

Statement of Facts……………………………………………………1-3

Summary of the Argument…………………………………………………...3

Argument and Authorities…………………………………………...4-11

    Point of Error No. 1
    (Misstatement of law)…………………………………………..3-8

    Point of Error No. 2
    (Ineffective assistance of counsel)……………………………….9-11

Prayer…………………………………………………………………...11

Certificate of Service…………………………………………………...12

Certificate of Compliance……………………………………………13

# INDEX OF AUTHORITIES

**Page(s)**

 **Cases**

*Akin v. State*, 981 S.W.2d 297 (Tex. App. – Texarkana 1998, no pet)……………..7

*Alejandro v. State*, 493 S.W.2d 230 (Tex. Crim. App. 1973)……………………...7

*Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005)………………….… 9, 10

*Burke v. State*, 652 S.W.2d 788 (Tex. Crim. App. 1983)…………………………..7, 8

*Compton v. State*, 607 S.W. 2d 246 (Tex. Crim. App. 1980)……………….………7

*Davis v. State*, 506 S.W.2d 909 (Tex. Crim. App. 1974)…………………………..7

*Daywood v. State*, 248 S.W.2d 479 (1952)………………………………………...6, 7

*Ex parte Drinkert*, 821 S.W.2d 953 (Tex. Crim. App. 1991)…………………….7, 8

*In re Winship*, 397 U.S. 358 (1970)………………………………………………..6

*Jones v. State*, 641 S.W.2d 545 (Tex. Crim. App. 1982)…………………………..7

*Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998)………………………….6

*Lincoln v. State*, 508 S.W.2d 635 (Tex. Crim. App. 1974)………………………...7

*McGee v. State*, 689 S.W.2d 915,
(Tex. App. – Houston [14th Dist.] 1985, pet. ref'd)…………………………………...5

*Mallett v. State*, 65 S.W.3d 59 (Tex. Crim. App. 2001)……………………………9

*Mauldin v. State*, 628 S.W.2d 793 (Tex. Crim. App. 1982)………………………..7

*Singleton v. State*, 479 S.W.2d 672 (Tex. Crim. App. 1972)………………………6

*Strickland v. Washington*, 466 U.S. 668 (1984)………………………………..9, 10

*Taylor v. State*, 109 S.W.3d 443 (Tex. Crim. App. 2003)………………………..8, 11

*Tong v. State*, 25 S.W.3d 707 (Tex. Crim. App. 2000)……………………………….9

*Varughese v. State*, 892 S.W.2d 186
(Tex. App. – Fort Worth 1994, per ref'd)………………………………………..7

*Wells v. State*, 634 S.W.2d 868
(Tex. App. – Houston [1st Dist.] 1982, pet. ref'd)…………………………………5

*Whiting v. State*, 797 S.W.2d 45 (Tex. Crim. App. 1990)……………………….7, 8

*Wilder v. State*, 111 S.W.3d 249 (Tex. App. – Texarkana 2004)…………………... 7

**CONSTITUTIONS:**

United States Constitution, Amendment XIV………………………………...5, 6

**Rules of Appellate Procedure**

Rule 44.2(a) of Texas Rules of Appellate Procedure………………………............5

## STATEMENT OF THE CASE

On October 13, 2011, a Bowie County Grand Jury returned an indictment against Appellant charging him with two counts of aggravated sexual assault of a child under 6 years. (1CR22)[1]  On September 23, 2014, the case proceeded to jury trial as to both guilt/innocence and punishment.  At the conclusion of trial, the jury found Appellant guilty of both counts sentenced him to life imprisonment and a fine of ten thousand dollars ($10,000.00) on each count.  The trial court ordered that the sentence on each count would run consecutively. (1CR155-58)  Thereafter, on October 1, 2014, Appellant filed his motion for new trial.  (1CR160-62) Appellant's motion for new trial was overruled by operation of law. Appellant gave timely notice of appeal to this Court on October 6, 2014. (1CR168-69).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

---

[1]  "CR" refers to the Clerk's Record.  The numeral to the left of "CR" refers to the Volume of the Clerk's Record.  The numeral to the right of "CR" refers to the page the document can be found within the Clerk's Record.

"RR" refers to the Reporter's Record. The numeral to the left of "RR" refers to the Volume of the Reporter's Record.  The numeral to the right of "RR" refers to the page the document can be found within the Reporter's Record.

## ISSUES PRESENTED

### POINT OF ERROR NO. 1

**THE STATE COMMITTED REVERSIBLE ERROR WHEN IT MISREPRESENTED THE CONCEPT OF "BEYOND A REASONABLE DOUBT" TO THE VENIRE. (3RR27-32, 71).**

### POINT OF ERROR NO. 2

**APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO OBJECT TO THE STATE'S MISREPRESENTION OF THE CONCEPT OF "BEYOND A REASONABLE DOUBT" TO THE VENIRE. (3RR27-32, 71).**

# STATEMENT OF FACTS

During voir dire, the prosecutor questioned the venire in relevant part as follows:

Beyond a reasonable doubt, that is one of the more complicated issues that we have to deal with today.  How many people have heard beyond a shadow of a doubt?  Okay.  And **how many people have heard beyond all reasonable doubt**?  Okay, most of you have heard both.  That is - - **neither one of those are the legal standard in the State of Texas**.  The standard in the State of Texas is beyond a reasonable doubt…….. (3RR27)

MS. OGLESBY:    Okay.  Are you going to hold the state to a burden of **beyond all reasonable doubt**?

VENIREPERSON EAST:  No.

MS. OGLESBY:  Okay.  What burden are you going to hold the state to?

VENIREPERSON EAST:  Beyond a reasonable doubt.  (3RR29-30)

It was at this time that the trial court asked the attorneys to approach the bench at which time the following transpired outside the hearing of the venire:

THE COURT:  You're stating the – that the – you're stating it wrong.  They are required to find proof beyond all reasonable doubt.  They're not required to find proof beyond all doubt.

MS. OGLESBY:  Okay.

1

THE COURT: You're asking them to distinguish between a reasonable doubt and **all reasonable doubt**. They are required to find him guilty beyond all reasonable doubt.

MS. OGLESBY: That was one of the situations that we have in the 102, is that they - - the defense tries to define it as beyond all reasonable doubt and the case law – I mean, I don't know that Mr. Dunbar is going to do that, but a lot of the case law that I found is the standard in Texas is beyond a reasonable doubt, **not beyond all reasonable doubt**.

THE COURT: Well, if the jury has a reasonable doubt as to anything, then they find him not guilty so the standard would be you have to prove it beyond all reasonable doubt, because any reasonable doubt's enough. But – you know, I just don't want to confuse the jury, but that standard is – that's not the right standard. The distinction is between proof beyond all doubt and proof beyond all reasonable doubt, that's the difference. (3RR30-31)

Appellant's trial attorney failed to object to the State's misstatements concerning its burden and the trial court failed to clarify to the venire the correct standard. Nor did Appellant's counsel voir dire on the issue of the State's burden. In fact, he purposely avoided that issue. (3RR71)

## SUMMARY OF THE ARGUMENT

Appellant maintains that the prosecutor's misstatements concerning the State's burden of proof beyond a reasonable doubt was fundamental constitutional error which directly impacted upon the jury's perception of the burden to which the State was to be held before a verdict of guilty could be returned against him. Alternatively, Appellant argues that he received ineffective assistance of counsel when trial counsel failed to object to the prosecutor's misstatement of the law.

## POINT OF ERROR NO. 1

**THE STATE COMMITTED REVERSIBLE ERROR WHEN IT MISREPRESENTED THE CONCEPT OF "BEYOND A REASONABLE DOUBT" TO THE VENIRE. (3RR27-32, 71).**

### Applicable Facts:

During voir dire, the prosecutor questioned the venire in relevant part as follows:

Beyond a reasonable doubt, that is one of the more complicated issues that we have to deal with today. How many people have heard beyond a shadow of a doubt? Okay. And **how many people have heard beyond all reasonable doubt**? Okay, most of you have heard both. That is - - **neither one of those are the legal standard in the State of Texas**. The standard in the State of Texas is beyond a reasonable doubt…….. (3RR27)

3

MS. OGLESBY:    Okay.  Are you going to hold the state to a burden of **beyond all reasonable doubt**?

VENIREPERSON EAST:  No.

MS. OGLESBY:  Okay.  What burden are you going to hold the state to?

VENIREPERSON EAST:  Beyond a reasonable doubt.  (3RR29-30)

It was at this time that the trial court asked the attorneys to approach the bench at which time the following transpired outside the hearing of the venire:

THE COURT:  You're stating the – that the – you're stating it wrong.  They are required to find proof beyond all reasonable doubt.  They're not required to find proof beyond all doubt.

MS. OGLESBY:  Okay.

THE COURT:  You're asking them to distinguish between a reasonable doubt and **all reasonable doubt**.  They are required to find him guilty beyond all reasonable doubt.

MS. OGLESBY:  That was one of the situations that we have in the 102, is that they - - the defense tries to define it as beyond all reasonable doubt and the case law – I mean, I don't know that Mr. Dunbar is going to do that, but a lot of the case law that I found is the standard in Texas is beyond a reasonable doubt, **not beyond all reasonable doubt**.

4

THE COURT: Well, if the jury has a reasonable doubt as to anything, then they find him not guilty so the standard would be you have to prove it beyond all reasonable doubt, because any reasonable doubt's enough. But – you know, I just don't want to confuse the jury, but that standard is – that's not the right standard. The distinction is between proof beyond all doubt and proof beyond all reasonable doubt, that's the difference. (3RR30-31)

Appellant's trial attorney failed to object to the State's misstatements concerning its burden and the trial court failed to clarify to the venire the correct standard. Nor did Appellant's counsel voir dire on the issue of the State's burden. In fact, he purposely avoided that issue. (3RR71)

**Preservation of Error:**

Appellant's trial counsel failed to object to the prosecutor's misstatement of law. In the absence of fundamental error, Appellant has waived this issue on appeal. *McGee v. State*, 689 S.W.2d 915, 919 (Tex. App – Houston [14th Dist.] 1985, pet. ref'd); *Wells v. State*, 634 S.W.2d 868, 874 (Tex. App. – Houston [1st Dist.] 1982, pet. ref'd).

**Standard of Review:**

This court should review this issue under the standard for constitutional error as set forth in Rule 44.2(a) of the Texas Rules of Appellate Procedure as the Fourteenth Amendment to the United States Constitution mandates that a

defendant may not be convicted and deprived of his liberty except upon proof beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970).

## Argument and Authorities:

In *Leday v. State*, 983 S.W.2d 713, 720-26 (Tex. Crim. App. 1998), the Court of Criminal Appeals abandoned the *De Garmo* doctrine as applied to certain constitutional, legal, and social guarantees – what the court described as "due process and those individual rights that are fundamental to our quality of life." *Id.* at 725. Among these fundamental "guarantees" is that the judgment in a criminal trial must be supported by proof beyond a reasonable doubt. *Id.* The Court in *Leday* went on to hold, "[i]nsofar as the *De Garmo* doctrine estops a defendant from raising on appeal a violation of any of these guarantees, it cannot be justified on the ground that the verdict of guilt was correct." *Id*. at 726. This notion arises from the fact that "the ascertainment of truth is not the only objective of our law of criminal procedure." *Id*. at 724. "We as a people have deliberately chosen to adopt laws which interfere with the truth-seeking function of the criminal trial. *Id*. "Due process and those individual rights that are fundamental to our quality of life co-exist with, and sometimes override, the truth-finding function." *Id.*

Generally, "[e]rror in argument does not lie in going beyond the court's charge, but lies in stating law contrary to the same." *Singleton v. State*, 479 S.W.2d 672, 674 (Tex. Crim. App. 1972) (citing *Daywood v. State*, 248 S.W.2d

6

479 (1952); *Wilder v. State*, 111 S.W.3d 249, 253 (Tex. App. – Texarkana 2004). Statements by the prosecution, whether in final argument or voir dire examination, are governed by the same rules. *Id*. at footnote 2; *Akin v. State*, 981 S.W.2d 297 (Tex. App. – Texarkana 1998, no pet.); *Varughese v. State*, 892 S.W.2d 186 (Tex. App. – Fort Worth 1994, pet. ref'd).

The scope of proper jury argument is: (1) summation of the evidence; (2) any reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; and (4) pleas for law enforcement. *Compton v. State*, 607 S.W.2d 246 (Tex. Crim. App. 1980); *Alejandro v. State*, 493 S.W.2d 230 (Tex. Crim. App. 1973). It is not error for the State to quote or paraphrase the jury charge, even if the charge presents a negative instruction to the panel. *Jones v. State*, 641 S.W.2d 545 (Tex. Crim. App. 1982), However, it is error for the State to present a statement that is contrary to that presented in the charge to the jury. *Ex parte Drinkert*, 821 S.W.2d 953 (Tex. Crim. App. 1991); *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990); *Burke v. State*, 652 S.W.2d 788 (Tex. Crim. App. 1983); *Mauldin v. State*, 628 S.W.2d 793 (Tex. Crim. App. 1982); *Davis v. State*, 506 S.W.2d 909 (Tex. Crim. App. 1974); *Lincoln v. State*, 508 S.W.2d 635 (Tex. Crim. App. 1974).

In *Burke*, the prosecutor misrepresented the law with respect to self-defense. The Court held that, under the circumstances, the remark was not only erroneous,

but was so manifestly improper as to require reversal of the judgment. *See Burke*, 652 S.W.2d at 791.

In *Drinkert*, the Court found the defendant received ineffective assistance of counsel because his lawyer failed to object to the prosecutor's incorrect statement of law with respect to the defendant's right to use deadly force. *See Drinkert*, 821 S.W.2d at 957.

Again, in *Whiting*, the prosecutor misrepresented the law of self-defense. The Court held that such a mistake was error and remanded the case to the court of appeals for a harm analysis in accordance with the Texas Rules of Appellate Procedure. *See Whiting*, 797 S.W.2d at 49.

Here, as in *Whiting*, "the misstatement of law directly impacted upon the jury's perception of the burden to which the State was to be held before a verdict of guilty could be returned against [A]ppellant." *Whiting* at 48. "Relieving the State of [its burden of proof] at the guilt stage implicates at least two constitutional guarantees: a due process or due course of law right not to be convicted on proof of less than the elements of the crime and the right to jury trial on all elements of the crime." *Taylor v. State*, 109 S.W.3d 443, 451(Tex. Crim. App. 2003). As this implicates a fundamental guarantee of the United States Constitution, Appellant's conviction must be reversed and his case remanded to the trial court for a new trial.

**POINT OF ERROR NO. 2**

**APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO OBJECT TO THE STATE'S MISREPRESENTION OF THE CONCEPT OF "BEYOND A REASONABLE DOUBT" TO THE VENIRE. (3RR27-32, 71).**

**Applicable Facts:**

Appellant incorporates by reference the foregoing facts from Point of Error No.1 as if set forth in full in this his second point of error.

**Standard of Review:**

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Mallett v. State*. 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). However, "[i]n making [its] determination, the [reviewing] court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." *Andrews v. State*. 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

**Argument and Authorities:**

In *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the Supreme Court articulated a two-prong test to be used when analyzing a claim of ineffective

9

assistance of counsel. To have his conviction reversed on the grounds of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. Unless the appellant makes both showings, it cannot be said that his conviction is rendered unreliable by a breakdown in the adversarial process.

To satisfy the second prong of the *Strickland* test, a reviewing court does not require that the appellant show that there would have been a different result if counsel's performance had not been different. *Id*. at 690. The defendant must show only that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

Defense counsel has a duty to correct misstatements of the law that are detrimental to his client. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). "This duty derives from counsel's function 'to make the adversarial testing process work in the particular case.'" *Id.* (quoting *Strickland* at 690). "There can be no reasonable trial strategy in failing to correct a misstatement of the law that is detrimental to the client." *Andrews*, at 102.

As stated previously, trial counsel's failure to object to the State's misstatement of the law "reliev[ed] the State of [its burden of proof] at the guilt stage implicat[ing] at least two constitutional guarantees: a due process or due course of law right not to be convicted on proof of less than the elements of the crime and the right to jury trial on all elements of the crime." *Taylor v. State*, 109 S.W.3d 443, 451(Tex. Crim. App. 2003). Not only did trial counsel fail to object, he purposely failed to address the State's burden of proof during the defense's voir dire. (3RR71). As a direct result of such unprofessional conduct, Appellant was deprived of one of the fundamental "guarantees" he is afforded under the United States Constitution. Namely, the guarantee that no citizen will be deprived of his liberty except on a verdict supported by proof beyond a reasonable doubt. Accordingly, Appellant's judgment must be reversed and his case remanded for a new trial.

## PRAYER

Based on the arguments and authorities cited above, Appellant respectfully requests that his points of error be sustained and his case be remanded to the trial court for a new trial.

Respectfully submitted,

**CRAIG L. HENRY**
Attorney at Law

723 Main Street
P.O. Box 3226
Texarkana, Texas 75504-3226
(903) 792-4645
FAX-(903) 792-5073
Lawyrntx@aol.com


By /s/ Craig L. Henry
    **CRAIG L. HENRY**
    Arkansas Bar # 90142
    Oklahoma Bar # 016779
    Texas Bar # 09479260
    Attorney for Appellant


## CERTIFICATE OF SERVICE

I, Craig L. Henry, do hereby certify that on this 8th day of July, 2015, a true and correct copy of the foregoing Appellant's Brief has been served on opposing counsel by depositing same in the United States mail, postage prepaid, addressed to Mr. Jerry Rochelle, District Attorney for Bowie County, Texas, 601 Main Street, Texarkana, Texas 75501.

/s/ Craig L. Henry
**Craig L. Henry**

## CERTIFICATE OF COMPLIANCE

I, Craig L. Henry, do hereby certify that this Brief complies with the type-volume limitation set forth in Rule 9.4 of the Texas Rules of Appellate Procedure. Appellant's Brief contains **2, 381 words** excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of the issues presented, statement of the jurisdiction, statement of the procedural history, signature, proof of service, certification, certificate of compliance, and appendix. .

Appellant's Brief was prepared using Microsoft Word software using Times New Roman 14-point font.  The Brief has been scanned for viruses and is virus free.

/s/ Craig L. Henry
**Craig L. Henry**