COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DENNIS HILDEBRANT, | § | No. 08-11-00068-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC#20090D04496) |
| | § | |

**OPINION ON MOTION FOR REHEARING**

Appellant, Dennis Hildebrant has filed a motion for rehearing. We grant Appellant's motion for rehearing, withdraw our opinion and judgment of May 16, 2012, and substitute the following opinion and judgment in their place.

Dennis Hildebrant ("Hildebrant" or "Appellant") appeals his conviction for aggravated robbery. In two issues, Hildebrant argues that improper remarks made by the State of Texas during closing argument substantially prejudiced his right to a fair trial, and that the State impermissibly shifted the burden of proof to the defense. Finding no error, we affirm.

**BACKGROUND**

On September 22, 2009, Appellant was indicted for the offense of aggravated robbery. He pled not guilty and proceeded to a jury trial on January 22, 2010. On January 25, 2010, the jury found Appellant guilty of the offense and the case continued into the punishment phase of the trial. The jury assessed punishment at 22 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On August 31, 2009, Hugo Delgadillo was employed by Sears Department Store in El Paso, Texas as a loss prevention officer. On that day at approximately 2 p.m., utilizing a video surveillance monitor, Delgadillo observed a male place some pliers in his pants. Delgadillo left his office on the second floor and headed towards the exit he thought the person would use. Delgadillo approached the individual he had seen on the video monitor, identified himself as a loss prevention officer, and asked the person to go back inside the store. As this was taking place, Delgadillo saw an F-350, gold colored truck headed towards the area where he was with Appellant. When he looked back at Appellant, he saw that Appellant had a knife in his hand. Appellant told Delgadillo to "get away or my partner will get out." When he saw the knife, Delgadillo told Appellant to take the merchandise because he was in fear for his life. Appellant got into the truck and left the area. Delgadillo then called 911 and provided the dispatcher with information regarding what had occurred as well as the license plate number for the truck and the direction it was heading.

Officer William Stokes informed the jury that he was able to obtain a local address associated with the license plate for the truck and when he arrived at the address observed a 1999 gold F-350 pick-up truck parked at the address. The truck eventually departed the address and officers began following it.

Officer Joshua Cass testified that he saw the vehicle commit a traffic violation when it made a right-hand turn without using a turn signal. Officer Rex Parsons testified that he was involved in the traffic stop, and that the vehicle was stopped because it had committed a traffic violation and because it was believed to have been involved in an aggravated robbery earlier in the day. Officer Parsons told the jury that he asked both individuals in the vehicle to step out of

2

the vehicle, and then he separated them so that they could not share information.

Delgadillo testified that El Paso Police Department Officer Lechuga arrived at Sears and watched the surveillance video of Appellant. Other officers also spoke with Delgadillo, including Officer Alejandro Dominguez who took Delgadillo to the intersection of Yarbrough and Alameda Streets in El Paso, Texas where Delgadillo identified the F-350 gold truck. He was also able to identify the driver of the truck and Appellant as the shoplifter.

Officer Dominguez testified that he viewed the surveillance video and saw Appellant place items in his waistband and attempt to conceal them by "putting the shirt over." He also informed the jury that he was present when Delgadillo identified Appellant and identified the other individual as the driver of the truck.

The jury found Appellant guilty of the offense of aggravated robbery. The State presented no witnesses during the penalty phase of the trial although several prior judgments attributable to Appellant were admitted and Appellant pled true to the State's Notice of Enhancement. Appellant testified that he had an addiction to heroin and told the jury that he was not a threat to society, despite his prior criminal history. The jury recommended twenty-two years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant in accordance with the jury's verdict.

## DISCUSSION

On appeal, Hildebrant argues that the improper arguments made by the State of Texas during closing argument: (1) substantially prejudiced his right to a fair trial; and (2) impermissibly shifted the burden of proof to the defense.

Specifically, Appellant complains of the following remarks made by the prosecutor

3

during closing argument:

> The State:   Defense counsel is right about one thing:   If we wanted to allege this as just a theft or robbery, we could have, but we didn't.   Why didn't we?   It's not that the State just wanted to win too much, okay?   ***I'm not going to risk my law license and all the time I spent in school and all the money I spent to go to school --***   [Emphasis added].

> Defense Counsel:   Objection, Your Honor.   This is a plea to sympathy.

> The State:   I'm responding to an argument defense counsel made.

> The Court:   Overruled.

> The State:   ***Thank you, Your Honor.   I'm not going to risk my law license and all that I've done and my livelihood for one defendant, okay?   And I don't think that the police officers – and specialized officers in this case are going to do that either***.   [Emphasis added].

.                    .                    .

> The State:   Now, defense counsel makes a big deal about why there's no knife. You know, ***who all here has heard of murder cases where there's no body and there's no murder weapon***?   ***Those things happen, okay***?   And they still go to trial and there are still convictions on those things.   ***There may not be a knife, but guess what?   Who controls where some of this evidence is?   The defendant.***   [Emphasis added].

> Defense Counsel:   Objection.   That's stating a fact not in evidence.

> The Court:   Overruled.

Preliminarily, we must determine whether Appellant sufficiently preserved his complaints for our review.

We review a trial court's ruling on an objection to a jury argument under an abuse of discretion standard.   *See York v. State,* 258 S.W.3d 712, 717 (Tex.App.--Waco 2008, pet. ref'd). To preserve error regarding improper jury argument, a party is required to continue to object each time improper jury argument is offered.   *Dickerson v. State,* 866 S.W.2d 696, 699

4

(Tex.App.--Houston [1st Dist.] 1993, pet. ref'd). A defendant ordinarily should: (1) contemporaneously object to the statement; (2) request an instruction that the jury disregard the statement if the objection is sustained; and (3) move for a mistrial if the instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727-28 (Tex.Crim.App. 1992), *cert. denied*, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). However, while this sequence is not essential to preserve complaints for appellate review, the essential requirement is a timely, specific request that the trial court refuses. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). "[A]n event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on an appeal by the party who did not request these lesser remedies in the trial court." *Young*, 137 S.W.3d at 70. Moreover, the appellate complaint challenging the motion for mistrial must comport with the motion made at trial. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995). The mistrial motion must be timely, that is, it must be made as soon as the grounds for the mistrial become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex.Crim.App. 2007).

Here, counsel lodged a single objection to each of the complained arguments. The trial court overruled each objection. No request for a running objection was made, but given the fact that the prosecutor did not continue along the objectionable line of questioning, no such request was necessary. Appellant did not request an instruction from the trial court that the jury be ordered to disregard the prosecutor's statements, nor did he make a motion for mistrial, but given that the objections were overruled, no such requests were necessary. We conclude that counsel preserved his arguments for review.

Next, we note that a trial court has a great deal of discretion to control the scope of

5

closing arguments. *Lemos v. State*, 130 S.W.3d 888, 892 (Tex.App.--El Paso 2004, no pet.).

Parties may draw reasonable, fair, and legitimate inferences from the evidence presented at trial.

*See Allridge v. State,* 762 S.W.2d 146, 156 (Tex.Crim.App. 1988). The standard is whether, in

light of the record as a whole, there is a reasonable possibility the improper argument might have

contributed to appellant's conviction. *See Wilson v. State,* 938 S.W.2d 57, 61 (Tex.Crim.App.

1996).

In determining whether the State engaged in improper jury argument, we consider the

entire argument presented, not isolated sentences. *Rodriguez v. State*, 90 S.W.3d 340, 364

(Tex.App.--El Paso 2001, pet. ref'd). Generally, proper jury argument consists of: (1)

summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument

of opposing counsel; and (4) a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673

(Tex.Crim.App. 2000); *Morales v. State,* 11 S.W.3d 460, 463 (Tex.App.--El Paso 2000, pet.

ref'd).

Under most circumstances, improper jury argument may be cured by an instruction to

disregard, unless "in light of the record as a whole it was extreme or manifestly improper,

violative of a mandatory statute, or injected new facts harmful to the accused." *Hawkins v.

State*, 135 S.W.3d 72, 75 (Tex.Crim.App. 2004), *citing Cooks*, 844 S.W.2d at 727.

We are also obligated to consider whether Appellant's substantial rights were harmed by

the arguments made by the State. *See Casey v. State,* 215 S.W.3d 870, 885 (Tex.Crim.App.

2007). A substantial right is affected when the error had a substantial and injurious effect or

influence on the jury's verdict. *Id*.

As noted above, where closing argument exceeds the permissible bounds of approved

6

areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex.Crim.App. 2000), *citing Todd v. State,* 598 S.W.2d 286, 296-97 (Tex.Crim.App. 1980). "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Wesbrook*, 29 S.W.3d at 115, *citing Cantu v. State,* 939 S.W.2d 627, 633 (Tex.Crim.App.), *cert. denied*, 522 U.S. 994, 118 S.Ct. 557, 139 L.Ed.2d 399 (1997).

When analyzing any harm that may have been caused by an improper jury argument, we examine the following factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction). *Ramon v. State,* 159 S.W.3d 927, 929 (Tex.Crim.App. 2004), *citing Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)(op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).

We conclude, after considering the entire argument presented, as well as the record as a whole, that the remarks made by the prosecutor were responsive to issues raised by Appellant's counsel during his closing argument, including, *inter alia*, his remark "[i]t's just another example of the State just wanting to win too badly." The magnitude of the prejudicial effect of the prosecutor's comments was *de minimis*, at best. The prosecutor's remarks were not a willful and calculated effort to deprive Appellant of a fair and impartial trial. Finally, the strength of the evidence against Appellant was overwhelming, even absent the remarks made by the

7

prosecutor.   In light of the record as a whole, there is no reasonable possibility that the prosecutor's comments contributed to Appellant's conviction, nor did they substantially prejudice his right to a fair trial.   *See Wilson v. State,* 938 S.W.2d 57, 61 (Tex.Crim.App. 1996).

Appellant also contends that the State impermissibly shifted the burden of proof to the defense when the prosecutor made reference to the fact that a defendant controls where some evidence might be located.   The arguments made in support of his contention direct this Court to cases involving improper jury argument.   We have already determined that there is no reasonable possibility that the comments made by the prosecutor contributed to Appellant's conviction and did not substantially prejudice his right to a fair trial.   *Id.*

To the extent that the prosecutor's comment could be construed as an attempt to suggest to the jury that the defendant had any type of a burden of proof in the case, such argument would have been improper.   *See Ex parte Drinkert,* 821 S.W.2d 953 (Tex.Crim.App. 1991).   However, viewed in its context, it is clear that the prosecutor was not attempting to shift the burden of proof.   She was merely responding to arguments made by the defense that the State had failed to produce the knife used by Appellant during the commission of the offense.   Appellant's characterization of the prosecutor's remarks as constituting "burden shifting" are therefore inaccurate.

Appellant's issues are both overruled.

## **CONCLUSION**

Having overruled both of Appellant's issues, we affirm the trial court's judgment.


July 5, 2012

8

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)