Ex parte Edwin Roy DRINKERT.

No. 71205.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 4, 1991.

**954**

Randy Schaffer, Houston, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MALONEY, Judge.

This is a post conviction application for writ of habeas corpus filed pursuant to article 11.07, V.A.C.C.P.

The jury convicted applicant of murder following his plea of not guilty and the court sentenced him to fifteen years in prison. The Thirteenth Court of Appeals affirmed the conviction in an unpublished opinion. *Drinkert v. State*, No. 13–90–4–CR (Tex.App.—Corpus Christi 1990, no pet.).

In the instant application, applicant contends: (1) the evidence established self-defense and defense of property as a matter of law, (2) the indictment was invalid, (3) the jury charge was invalid, (4) his trial counsel rendered ineffective assistance, (5) his appellate counsel rendered ineffective assistance, and (6) the affirmative finding of a deadly weapon was improper. This Court ordered the cause filed and set on grounds two, three, and four. We will grant relief.

The record reflects that applicant and Dirk, his teenage son, lived in separate trailers on applicant's land. A partially constructed A-frame house was also located on the tract of land. Tommy Mason and Mike Piper, two of Dirk's friends, decided to take gasoline from a large drum in the A-frame house. Dirk testified in a prior proceeding that he told Piper not to go into the house, but that he could take gasoline from a bus, also located on the property. Piper testified that he and Mason believed that they had permission to enter the house. Applicant had no knowledge of this, nor did he give them permission to enter the house.

Applicant was inside the A-frame house working on plans for its completion and eating lunch when Mason and Piper tried to enter the house through a locked door. Applicant heard the door rattle and someone say that the door was locked. He also heard someone run by the house saying, "I know how to get in." Thinking that someone was breaking into the house, applicant got his rifle.

Mason entered the home through a loose panel on the exterior of the house. Applicant ordered Mason, whom he knew, to kneel down and place his hands on his head. According to applicant, Mason made a dive for the gun and applicant fired. He fired a total of three shots. One hit Mason in the chest and another bounced off the floor and hit him in the leg. Another shot hit Piper, who was standing at the entrance of the panel opening with a hammer.

Applicant testified that Mason was like a son to him, but on that day Mason was not acting normal. Mason was an 18 year old, high school dropout, 6' 1" tall, and 200 lbs. Applicant, on the other hand, was 69 years old, 165 lbs, hard of hearing, and in poor health.

Applicant's fourth ground is that he was denied effective assistance of counsel at trial. "To establish ineffective assistance of counsel at the guilt-innocence stage of a non-capital trial[,] ... applicant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so [much that it deprived applicant] of a fair trial." *Black v. State*, 816 S.W.2d 350, 356 (Tex.Cr.App. 1991). *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986) (adopting *Strickland* standard). We now "determine whether, in light of all the circumstances, the trial

counsel's acts or omissions were outside the range of professional competent assistance, and if so, whether there is a reasonable probability that the result of the trial would have been different absent the deficient conduct." *Washington v. State,* 771 S.W.2d 537, 545 (Tex.Cr.App.), *cert. denied,* 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989) (citations omitted).

Applicant contends that his trial counsel's performance was deficient because he failed to object to the indictment and the jury charge, both of which applicant contends were based on an invalid felony murder theory. The second count of the indictment charged applicant with felony murder based on the underlying felony aggravated assault against Thomas Mason which resulted in Mason's death.[1] The second count is void because felony murder can not be predicated on the underlying offense of aggravated assault. *Garrett v. State,* 573 S.W.2d 543 (Tex.Cr.App. 1978).

Although the first count of the indictment correctly alleges the offense of murder under V.T.C.A. Penal Code, sec. 19.-02(a)(2), the jury charge authorized conviction under either count of the indictment. Because the jury returned a general verdict, it is impossible to determine upon which count the conviction is based.

In sufficiency of the evidence cases, we have held that "[w]here a general verdict is returned, and the evidence is sufficient to support a finding under any of the counts submitted, the verdict will be applied to the offense finding support in the facts." *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Cr.App.1987) (opinion on State's motion for rehearing). However, when the jury is presented with two counts, one of which is invalid as a matter of law, and it is impossible to determine under which count the jury convicted, we are not willing to assume that the jury ignored the invalid count and convicted under the valid count.

Therefore, the verdict cannot stand. *See and compare Boyde v. California,* 494 U.S. 370, ——, 110 S.Ct. 1190, 1197, 108 L.Ed.2d 316, 329 (1990) ("[When] a jury is clearly instructed by the court that it may convict a defendant on an impermissible legal theory, as well as on a proper theory or theories[,] [a]lthough it is possible that the guilty verdict may have had a proper basis, 'it is equally likely that the verdict ... rested on an unconstitutional ground,' *Bachellar v. Maryland,* 397 U.S. 564, 571, 90 S.Ct. 1312, 1316, 25 L.Ed.2d 570 (1970) and we ... declin[e] to choose between two such likely possibilities.") *See also Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Stromberg v. California,* 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

Applicant further contends that his trial counsel's performance was deficient because he did not object to the prosecutor's argument that the jury should consider the deceased's state of mind in determining whether applicant had the right to defend his property. This argument was not only contrary to the court's charge, which instructed the jury to consider self-defense and defense of property from applicant's standpoint, but it was also a misstatement of the applicable law. The law of self-defense and defense of property requires the jury to view the reasonableness of the defendant's actions solely from the defendant's standpoint. *Bennett v. State,* 726 S.W.2d 32, 37–38 (Tex.Cr.App.1986); V.T.C.A. Penal Code, §§ 9.32, 9.42.

In a letter attached to this writ application, trial counsel stated that he did not object to the indictment because he thought "it was too late for me to question the indictment." Applicant had been previously tried and convicted for the instant offense, but the appellate court granted him a new trial so trial counsel assumed that "if there [were] any complaints or problems about the indictment they would al-

---

1. "[Applicant] commit[ted] the felony offense of Aggravated Assault by ... causing bodily injury to Thomas Mason by shooting the said Thomas Mason with a firearm, and while in the course of and [in] furtherance of ... the commission of said offense did ... intentionally and knowingly ... commit an act clearly dangerous to human life by shooting the said Thomas Mason with a firearm and did thereby cause the death of the said Thomas Mason."

ready have been raised."[2] Trial counsel further stated that he did not object to the jury charge because he did not object to the indictment. He responded that he did not know why he failed to object to the jury argument "other than it just slipped by me," and, "[i]n retrospect ... it appears that I should have objected to the indictment and jury charge as well as to the prosecutor's argument concerning the state of mind of the deceased."

Trial counsel's omissions were outside the realm of professional competent assistance. "[A] criminal defense lawyer must have a firm command of the ... governing law before [the lawyer] can render reasonably effective assistance." *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex.Cr.App. 1990) (citations omitted). Trial counsel's failure to object to the indictment, jury charge, and jury argument were not the result of a reasonable professional judgment, but rather of ignorance of criminal procedure. We conclude that the performance of applicant's trial counsel fell below an objective standard of reasonableness and, as such, was deficient.

We now determine whether the trial counsel's deficient performance prejudiced applicant's defense so much so that it deprived him of a fair trial. To prove that he was prejudiced by the ineffective assistance, applicant must show:

> [A] reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Hernandez*, 726 S.W.2d at 55 (quoting *Strickland*, 104 S.Ct. at 2068).

By failing to object to the indictment and to the jury charge, the trial counsel permitted an invalid theory to be submitted to the jury in violation of *Garrett*. There exists a reasonable probability that the jury may not have convicted applicant had trial counsel objected and that theory not been submitted. *See Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).

The court instructed the jury that if it found that applicant reasonably believed that the deceased was entering applicant's habitation, building, or premises without his effective consent with the intent to commit a theft, and that applicant reasonably believed, *viewing the circumstances from his standpoint alone*, that deadly force was immediately necessary to prevent the burglary, and that applicant further reasonably believed, *from his standpoint at the time*, that the use of nondeadly force to protect the premises would expose him or his family, or both, to a substantial risk of death or serious bodily injury, then applicant had the right to use deadly force.

Despite the court's charge, the prosecutor argued the following to the jury without objection:

> You never heard Dirk Drinkert say anything about talking to Tommy Mason about being in that house. He talked to Michael Piper at that time. Never talked to Tommy Mason, and we are not concerned here with Mike Piper, because Mike Piper is alive. Tommy Mason is dead, and that is who we are concerned with, and that is who you should concern yourself with.
>
> And in doing so, consider that, consider whether Tommy Mason reasonably believed he had consent and permission to be in that property. Did Tommy Mason reasonably believe that?
>
> You know, they talk about—they said this was a burglary. I didn't hear about any property being taken; didn't hear anything about that. They talk about a burglary. Well, let's turn that about. Turn about is fair play in a case. They want you to do all this reasonable doubt and everything like that. Well let's look at Tommy Mason. Did he reasonably believe they had consent to be there, and if he reasonably believed that, then he thought he had effective consent when he went in there, didn't he, and if he had consent to be in there, it wasn't a burglary, so think about Tommy Mason. You

**2.** But, in the previous trial the State proceeded only on the first count of the indictment.

have to think about Tommy Mason because that is who we are talking about.

 Proper jury argument falls within one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to argument of opposing counsel; and, (4) pleas for law enforcement. *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Cr.App.1990) (citations omitted). Here, the prosecutor responded to defense counsel's argument that a burglary had occurred.[3] However, prosecutorial jury argument which contains a statement of law contrary to that presented in the court's charge is error. *Id.* The instant case involves an argument which is not only contrary to the court's charge, but also a misstatement of the applicable law. *See Bennett,* 726 S.W.2d at 37–38.

The jury could reasonably infer from the prosecutor's argument that since the deceased reasonably believed that he had consent to enter applicant's house, he did not commit a burglary, therefore applicant had no right to defend his person or property. Had applicant's trial counsel objected to the prosecutor's argument, the trial judge should have sustained the objection and instructed the jury to disregard the argument. There is a reasonable probability that but for trial counsel's failure to object to the prosecutor's argument the result of the proceeding would have been different.

Trial counsel's failure to object to the prosecutor's argument coupled with his failure to object to the indictment and the jury charge undermine confidence in the outcome of applicant's trial. We have reviewed the record and find that the evidence of applicant's guilt is not so overwhelming as to conclude otherwise. We find that there is a reasonable probability that the outcome of applicant's trial would have been different absent applicant's counsel's deficient performance.

Accordingly, the relief sought is granted. The trial court's judgment is vacated, and applicant is remanded to the custody of the Sheriff of Bee County to answer the indictment.

McCORMICK, P.J., and OVERSTREET and BENAVIDES, JJ., concur in the result.

MILLER, J., concurring with a note: Believing there was ineffective assistance of counsel during jury argument, and agreeing that the evidence of guilt is such that my confidence in the guilty verdict is seriously undermined by the error, I concur in granting relief under that theory.

WHITE, J., dissents.

---

3. Defense counsel told the jury: "Thomas Mason and Michael Piper were not in a place where they had any right to be, ... you heard the testimony read by Mr. Handly that Dirk Drinkert himself said, 'Do not go in the house.' Actually, it's a burglary. I think if you read all the law the Judge gave you, ... you will find there was a burglary in commission...."