ACCEPTED
13-14-00517
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/17/2015 9:25:33 PM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-14-00517-CR

### IN THE COURT OF APPEALS OF
### THE STATE OF TEXAS
### THIRTEENTH JUDICIAL DISTRICT AT CORPUS CHRISTI

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/17/2015 9:25:33 PM
DORIAN E. RAMIREZ
Clerk

---

### FREDERICK O'NEAL SCOTT,
**Appellant,**

**v.**

### THE STATE OF TEXAS,
**Appellee.**

---

On Appeal from Cause Number 14-05-12, 033;
In the 24th Judicial District Court of DeWitt County, Texas
The Hon. Stephen Williams, Judge Presiding

---

### APPELLANT'S FIRST AMENDED BRIEF

---

LUIS A. MARTINEZ
P.O. Box 410
Victoria, Texas 77902-0410
(361) 676-2750 (Cell Telephone)
(361) 575-6764 (Office Telephone)
(361) 575-8454 (Facsimile)
lamvictoriacounty@gmail.com

ATTORNEY FOR APPELLANT,
FREDERICK O'NEAL SCOTT

### ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), the parties to the suit are as follow:

| | |
|---|---|
| **APPELLANT** | **FREDERICK O'NEAL SCOTT** |
| **APPELLEE** | **THE STATE OF TEXAS** |
| **TRIAL JUDGE** | **HON. STEPHEN WILLIAMS** |

**STATE'S ATTY AT TRIAL:** **HON. MICHAEL SHEPPARD**
24th Judicial District Attorney
DeWitt County Courthouse
307 N. Gonzalez
Cuero, Texas 77954

**DEFENSE ATTY AT TRIAL:** **HON. KEITH WEISER**
P.O. Box 1093
Victoria, Texas 77902-1093

**APPELLATE STATE'S ATTY:** **HON. ROBERT LASSMAN**
24th Judicial District Attorney
DeWitt County Courthouse
307 N. Gonzalez
Cuero, Texas 77954

**APPELLATE DEFENSE ATTY:** **HON. LUIS A. MARTINEZ**
P.O. Box 410
Victoria, Texas 77902

i

# TABLE OF CONTENTS

**Page(s)**

IDENTITY OF THE PARTIES.................................................................i.

TABLE OF CONTENTS.....................................................................ii.

INDEX OF AUTHORITIES ...............................................................iii.

I.    RECORD BEFORE THE COURT .................................................2

II.    STATEMENT OF THE CASE .....................................................3

III.    ISSUE PRESENTED ...................................................................4

      ISSUE NUMBER ONE:

      THE TRIAL COURT ERRED IN EXCLUDING APPELLANT'S EVIDENCE OF THE ALLEGED VICTIM'S SCHOOL BEHAVIOR AND SUCH EVIDENCE WAS CRITICAL TO THE HEART OF APPELLANT'S TRIAL DEFENSE DENYING HIM DUE PROCESS...........................4

IV.    STATEMENT OF THE FACTS ....................................................4

V.    SUMMARY OF THE ARGUMENT.............................................8

VI.    ARGUMENT ON THE MERITS ...................................................9

VII.    CONCLUSION AND PRAYER...................................................19

VIII.    CERTIFICATE OF COMPLIANCE ...........................................20

IX.    CERTIFICATE OF SERVICE....................................................21

# INDEX OF AUTHORITIES

**Texas Cases:**

*Bennett v. State,* 726 S.W.2d 32 (Tex. Crim. App. 1986) ........................ 11

*Davis v. State,*
104 S.W.2d 177 (Tex.App.—Waco, 2003, no pet.) ............... 11, 12, 16, 19

*Ex parte: Drinkert,* 821 S.W.2d 953 (Tex. Crim. App. 1991).................. 11

*Echavarria v. State,*
362 S.W.3d 148 (Tex. App.—San Antonio, 2011)............................ 11, 12

*Erazo v. State,* 144 S.W.3d 487 (Tex. Crim. App. 2004) ........................ 14

*Hammer v. State,* 296 S.W.3d 555 (Tex. Crim. App. 2009).................... 12

*Lopez v. State,* 86 S.W.3d 228 (Tex. Crim. App. 2002) ..............................9

*Montgomery v. State,* 810 S.W.2d 372 (Tex. Crim. App. 1991) ..........9, 13

*Mozon v. State,* 991 S.W.2d 841 (Tex. Crim. App. 1999).................. 13, 16

*Potier v. State,* 68 S.W.3d 657 (Tex. Crim. App. 2002)..................... 17, 18

*Torres v. State,* 71 S.W.3d 758 (Tex. Crim. App. 2002)......................... 16

*Walters v. State,* 247 S.W.3d 204 (Tex. Crim. App. 2007). ..................... 17

*Wiley v. State,* 74 S.W.3d 399 (Tex. Crim. App. 2002)........................... 17

**Texas Statutes:**

Tex. Pen. Code §9.31 ................................................................. 11

Tex. Pen. Code §9.61 ................................................. 5, 8, 9, 10, 11, 12

Tex. Pen. Code §12.42 ..................................................................3

Tex. Pen. Code §22.04 ..................................................................3

**Texas Rules:**

Tex. R. of Evid. 403 ..................................................... 8, 9, 12, 13, 19

Tex. R. of Evid. 404, 404(b). ............................................... 15, 16

CAUSE NO. 13-14-00517-CR

IN THE COURT OF APPEALS OF
THE STATE OF TEXAS
THIRTEENTH JUDICIAL DISTRICT AT CORPUS CHRISTI

---

**FREDERICK O'NEAL SCOTT,**

**Appellant,**

**v.**

**THE STATE OF TEXAS,**

**Appellee.**

---

On Appeal from Cause Number 14-05-12, 033;
In the 24th Judicial District Court of DeWitt County, Texas
The Hon. Stephen Williams, Judge Presiding

---

**APPELLANT'S FIRST AMENDED BRIEF**

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellant, FREDERICK O'NEAL SCOTT, by and through his attorney of record, and would respectfully present to this Court his brief on the merits in the above-referenced and entitled cause of action. Appellant would respectfully show unto the Court of Appeals as follows:

This action arises from the proceedings held in DeWitt County, Texas, in Trial Court Cause No. 14-05-12, 033-CR; *State of Texas v. Frederick O'Neal Scott*; In the 24th Judicial District Court of DeWitt County, Texas, the Honorable Stephen Williams, Judge Presiding.

In this matter, the Plaintiff was the "STATE OF TEXAS" and FREDERICK O'NEAL SCOTT was the Defendant. In this brief Appellant, FREDERICK O'NEAL SCOTT, will be referred to as "APPELLANT" and the Appellee, the State of Texas, as the "STATE."

## I.

## <u>RECORD BEFORE THE COURT</u>

The Clerk's Record consists of one (1) volume that will be referenced by citation using the abbreviations "CR" referring to the Clerk's Record followed by the appropriate page number. For example, page three of the Clerk's Record will be cited as [CR-3].

The Reporter's Record furnished to Appellant consists of five (5) volumes, including exhibits. The Reporter's Record will be cited using the abbreviation "RR," followed by a numeral to indicate the appropriate page number(s). For example, page four of volume five of the Reporter's Record will be cited as [RR-V-4].

2

## II.

### STATEMENT OF THE CASE

Appellant appeals the judgment and sentence imposed following his jury trial for "INJURY TO A CHILD & REPEAT OFFENDER," a Second Degree Felony, pursuant to Tex. Pen. Code §22.04 (offense) and §12.42 (enhancement).

Appellant was formally charged with "INJURY TO A CHILD" in a one-count indictment with one enhancement paragraph filed with the DeWitt County District Clerk on May 29, 2014. [CR-7].

*Voir dire* began in this case on, or about, Monday, August 18, 2014. [RR-II-11]. A jury was chosen and sworn that day. [RR-II-162-166].

On, or about, Tuesday, August 19, 2014, Appellant's trial began. [RR-III-7]. The DeWitt County District Attorney read the indictment aloud to the jury to which Appellant entered a plea of "Not Guilty." [RR-III-7-8].

Appellant's trial continued from that day until Wednesday, August 20, 2014, when the jury delivered a verdict of "Guilty." [RR-IV-83]. The case was reset for a punishment hearing before the bench on, or about, Wednesday, August 27, 2014. [RR-IV-86].

On, or about, Wednesday, August 27, 2014, the Trial Court conducted a punishment hearing. After considering the arguments of counsel and the

3

evidence presented by both parties during the punishment hearing, the Trial Court assessed Appellant's punishment as imprisonment in the Institutional Division of the Texas Department of Criminal Justice for twelve (12) years and costs of court. [RR-V-64; CR-99-101].

The Trial Court indicated in its "Trial Court's Certification of Defendant's Right of Appeal" that this matter was not a plea bargain case, and that Appellant has the right to appeal. [CR-73].

Appellant's Notice of Appeal was timely filed. [CR-76].

## III.

## ISSUE PRESENTED

### ISSUE NUMBER ONE:

**THE TRIAL COURT ERRED IN EXCLUDING APPELLANT'S EVIDENCE OF THE ALLEGED VICTIM'S SCHOOL BEHAVIOR AND SUCH EVIDENCE WAS CRITICAL TO THE HEART OF APPELLANT'S TRIAL DEFENSE DENYING HIM DUE PROCESS.**

## IV.

## STATEMENT OF THE FACTS

Prior to the trial of this case, Appellant's trial counsel filed his "*Memorandum of Law: Use of The Complaining Witness' School Disciplinary History.*" [CR-27]. By and through his trial counsel, Appellant clearly, unequivocally and in writing, asserted a justification defense

4

afforded him under §9.61 of the Texas Penal Code. *Id.* In the same motion, Appellant contended that:

> Scott intends to introduce evidence that he reasonably believed his actions were necessary to discipline the child as he did. To support this reasonable belief, Scott intends to introduce the child's numerous behavior problems observed by teachers at school, including stabbing a classmate with a pencil. Scott intends to offer business records of the child's bad behavior as well as testimony from the child's teachers.

[CR-27].

During his testimony before the jury, Appellant was asked the following by his trial counsel:

Q: Mr. Scott, on or about August the 20th 2013 do you believe that any discipline that you gave A.R. that you were justified?

A: Very justified.

Q: And that's based on the information we went over the other day, that chart?

A: Yes, it is.

Q: You feel like you were justified under the statute, under the Penal Code?

A: Yes. She was given a spanking because she injured her little sister to where she actually drew blood. Yes, it was justified.

[RR-IV-12].

5

Following Appellant's testimony, the jury was excused. [RR-IV-13]. Outside the presence of the jury, Appellant's counsel questioned Appellant about Defendant's Exhibit 8, copies of the business record affidavit and records that had been filed July 8, 2014. [RR-IV-13]. Appellant testified that he was familiar with the records. Appellant's counsel inquired of Appellant whether he knew about the incidents reported amongst the records. *Id.* Appellant testified he was aware of an incident that occurred on September 17, 2012 where the alleged victim was disrespectful, would not stay in her seat and was throwing, kicking, and shoving her chair and desk. [RR-IV-15]. Appellant also agreed that he was aware of an incident on November 8, 2012, where the alleged victim had been moaning and making noises while the teacher was talking and giving directions, and that the alleged victim got out of her seat and stabbed another student with a recently sharpened pencil. [RR-IV-15]. Appellant also said he was aware of an incident on November 13, when the alleged victim was alleged to have pinched another student hard enough to break the skin. [RR-IV-16]. Appellant was also aware that on November 16, 2012, A.R. was suspended from school for behavior. [RR-IV-17]. Appellant testified he was aware of a November 27, 2012, incident as well. On that date, the alleged victim would not do what the teacher had asked and repeated for 15 minutes that

6

her stomach hurt. After being taken to the nurse's office where it was discovered there was nothing wrong with the alleged victim's stomach, she was taken to the office. At the office the alleged victim, the alleged victim would not stop crying and screaming for about 45 minutes. She was crying because she did not like people telling her what to do. Her mother arrived and took her home for the day. [RR-IV-17]. Appellant was also aware that on November 30, the alleged victim was disruptive in class, including throwing erasers and kicking a trash can. [RR-IV-18]. Appellant recalled that the alleged victim had been suspended twice when asked about a February 21, 2013, incident for physical aggression that lead to the alleged victim being sent home and ordered to serve an in-school suspension the next day. [RR-IV-19].

Appellant's counsel specifically asked Appellant:

Q: Mr. Scott, did you use the belt or had you reached the point where you used the belt to discipline A.R. because her past experience, her past poor behavior at school and at home, and you had used all available methods up to then?

A: Yeah, because this, like I said, is the last day or right at the time when they took her, so, yeah, because, like I said, if a child is rebellious like that and a child just constantly won't do what you say, so, yeah, it's applicable here. Like I said, I had already tried things like time out and

> grounding and a lot of things like that that did not work with A.R.. In fact, she laughed at things like that.

[RR-IV-25].

After Appellant testified outside the presence of the jury, Appellant's Counsel argued to the Trial Court:

> I believe we have shown justification. I believe there's sufficient evidence for a charge on justification. As such, I believe the case that I filed the memo on give me authority to bring in these limited five or six incidents at school that he said he's familiar with, present them to the jury.

[RR-IV-25-26].

The Court sustained the State's objection to Defendant's Exhibit 8, excluding the proffered evidence under a 403 analysis, and admitted the exhibit for appellate purposes as a Court's Exhibit. [RR-IV-29].

The Charge of the Court given to the jury in this matter included instructions and definitions regarding Texas Penal Code §9.61. [CR-65-66].

## V.

## SUMMARY OF THE ARGUMENT

Appellant was accused of spanking the alleged victim[1] with a belt after she pinched her sister hard enough to draw blood. Prior to trial and at

---

[1] For purposes of this brief, the child involved will be referred to as "alleged victim" or "A.R."

8

trial, Appellant asserted a justification defense found in Texas Penal Code §9.61. Appellant attempted to show evidence to the jury that the alleged victim had previously used a pencil to stab another student, pinched another student at school and had also been placed in in-school-suspension for being physically aggressive, all of which Appellant was aware. The Trial Court erroneously excluded the testimony and evidence under Rule 403 denying Appellant Due Process as provided by the United States Constitution.

## VI.

## ARGUMENT ON THE MERITS

### ISSUE NUMBER ONE:

**THE TRIAL COURT ERRED IN EXCLUDING APPELLANT'S EVIDENCE OF THE ALLEGED VICTIM'S SCHOOL BEHAVIOR AND SUCH EVIDENCE WAS CRITICAL TO THE HEART OF APPELLANT'S TRIAL DEFENSE DENYING HIM DUE PROCESS.**

### A.    The applicable standard of review is abuse of discretion.

Generally, a trial court's evidentiary rulings are reviewed under an abuse of discretion standard. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex.Crim.App. 2002). A trial court's ruling should not be disturbed unless it lays outside the "the zone of reasonable disagreement. *Id.* (*citing Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991).

9

**B.** **Texas Penal §9.61 allows the defense of justification and prescribes its elements.**

Texas Penal Code §9.61 is applicable to the evaluation of Appellant's point of appeal. This section of the Texas Penal Code allows:

> The use of force, but not deadly force, against a child younger than 18 years:

> (1) if the actor is the child's parent or stepparent or is acting *in loco parentis* to the child; and

> (2) when and to the degree the actor reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare.

Tex. Pen. Code §9.61.

**C.** **Appellant clearly asserted the justification defense found in Texas Penal Code §9.61 throughout his trial.**

In this case, Appellant clearly asserted the defense of justification pursuant to Texas Penal Code §9.61. His pre-trial filings clearly asserted the defense. *See* [CR-27; 30-33]. Appellant's trial counsel also argued and pursued the defense of justification during his trial and Appellant testified about same. *e.g. see* [RR-IV-12-25]. Tellingly, the Trial Court's charge to the jury included instructions and definitions regarding the justification defense and *in loco parentis*. [CR-65-66].

**D.     Texas Penal Code §9.61 has been analyzed for application using settled self-defense precedent.**

In *Davis v. State,* the Waco Court of Appeals, citing the "dearth" of authority on the proper application of Texas Penal Code §9.61, looked to settled case law on self-defense to assist in determining whether the trial court abused its discretion by excluding proffered evidence that was virtually identical to the proffered evidence in Appellant's case. *See Davis v. State*, 104 S.W.3d 177 (Tex.App.—Waco, 2003, no pet.). The *Davis* court found that because Texas Penal Code §9.61 focused on what "the actor reasonably believes," it is virtually identical to the self-defense statute. *Davis v. State*, 104 S.W.3d 177, 180-181 (Tex.App.—Waco, 2003, no pet.); *see also* Tex. Pen. Code §9.61, Tex. Pen. Code §9.31.

When a jury considers whether a defendant acted in self-defense, it must "view the reasonableness of the defendant's actions solely from the defendant's standpoint." *Davis v. State*, 104 S.W.3d at 180 (*citing Ex parte Drinkert*, 821 S.W.2d 953, 955 (Tex.Crim.App. 1991); *see also Bennett v. State*, 726 S.W.2d 32, 37-38 (Tex.Crim.App. 1986). The reasonableness of the belief is measured by the objective standard of an "ordinary and prudent man." *Echavarria v. State*, 362 S.W.3d 148, 154 (Tex.App.—San Antonio, 2011). Although a jury employs an objective standard to determine the reasonableness of the defendant's belief, it must view the facts from the

11

defendant's perspective. *Echavarria v. State*, 362 at 154 (*citing Davis v. State*, 104 S.W.3d 177, 181 (Tex.App.—Waco 2003, no pet.)

The *Davis* court found that the above referenced principles necessarily apply when a jury determines whether a defendant reasonably believes that the force he used was "necessary to discipline the child or to safeguard or promote his welfare." *Davis v. State* , 104 S.W.3d 177, 181 (Tex.App.—Waco, 2003, no pet.) *see also* Tex. Pen. Code §9.61(a)(2).

## E.     The Trial Court's ruling on the State's 403 objection was erroneous.

It is important to note that the Trial Court excluded Appellant's proffered evidence under Rule 403.    The Trial Court's exclusion of Appellant's evidence on this ground is indicative that the Trial Court found that the evidence was probative.  Relevant evidence may be excluded under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009); *see* Tex. Rule of Evid. 403.

Under Rule 403, it is presumed that the probative value of relevant evidence exceeds any danger of unfair prejudice.   The rule envisions exclusion of evidence only when there is clear disparity between the degree of prejudice of the offered evidence and its probative value. *Hammer v. State,* 296 S.W.3d at 568.

Although evidence may be probative, Rule 403 requires a balancing of the evidence between its probative value and the prejudicial value. A reviewing court cannot simply conclude, "the trial judge did in fact conduct the required balancing and did not rule arbitrarily or capriciously." *Mozon v. State*, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999)(*citing Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). A trial court's ruling must be measured against the relevant criteria by which a Rule 403 decision is made. *Id.* In other words, the reviewing court must look at the proponent's need for the evidence in addition to determining the relevance of the evidence. *Id.*

While this brief addresses the necessity of showing A.R.'s past aggressive and assaultive behavior in order to understand the indicted measures undertaken by Appellant *infra.*, it is important to note that the record does not support a finding of prejudice to the State that would have resulted. The Trial Court did not address how any "unfair prejudice" caused Appellant's proffered evidence's probative value to be substantially outweighed by unfair prejudice. Put simply, the Trial Court's ruling had no factual basis to support it.

A proper rule 403 analysis includes the following factors: 1) the probative value of the evidence; (2) the potential to impress the jury in some

irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

As for the first factor, the evidence was probative in that it sought to show that A.R. had in the recent past, stabbed a classmate with a pencil, pinched another student and had displayed aggressive behavior, all of which Appellant knew when she pinched her sister. In other words, A.R. had continued to be aggressive and hurt other children despite intervention at school and at home with other methods of discipline. Whether wrong or right, these things were known to Appellant when he chose to spank A.R. Factor one weighs in favor of inclusion of Appellant's proffered evidence.

As for factor two, there is nothing irrational or indelible to be taken by the evidence. If the evidence suggested to the jury that the child required some discipline, it would not keep them from deciding the reasonableness of Appellant's choice to spank A.R. Factor two weighs in favor or inclusion of Appellant's proffered evidence.

Appellant's counsel was able to go through the reports in short order outside the presence of the jury, and there is nothing to suggest that allowing the presentation of the proffered evidence would have caused any undue

14

delay. Factor three weighs in favor of inclusion of Appellant's proffered evidence.

As for factor four, Appellant could not show to the jury that A.R. had a pattern of aggressive behavior to justify his chosen discipline without being able to establish a pattern.

It does appear from the State's argument to the Trial Court, that they were concerned with timeliness of the behavior and the fact that A.R.'s misbehavior, assaultive behavior and disrespectful actions occurred at school, rather than at home.

To be clear, the incidents that Appellant recalled and was aware of occurred less than one year from the offense charged. The State's arguments address the weight to be given the evidence, rather than to its admissibility. To be sure, the State could have argued these points to the jury had they been allowed to hear of A.R.'s school behavior evidence.

In short, the record does not support that the Trial Court engaged in the required balancing. Further, the record does not support exclusion of Appellant's evidence, but rather, inclusion.

F. **Evidence of A.R.'s school behavior records is admissible under 404(b) or 404 generally.**

Again, review of cases regarding self-defense is instructive in this case. Evidence of a murder victim's prior acts of violence may be

15

admissible under Rule 404(b) to show the state of mind of a defendant who claims he acted in self defense. *Torres v. State*, 71 S.W.3d 758, 760 n.4 (Tex.Crim.App. 2002); *Mozon v. State*, 991 S.W.2d 841, 846 (Tex.Crim.App. 1999); see also Tex. R. of Evid. 404(b). Further, a defendant must be able to show that he was aware of the prior acts. *Torres*, 71 S.W.3d 758 at 760 n.4; *Mozon*, 991 S.W.2d at 845.

In this connection, the *Davis* court found that evidence of a child's prior acts of misbehavior, of which the defendant was aware, is admissible under Rule 404(b) to show the state of mind of a defendant who claims that he reasonably believed it was necessary to use the amount of force he did to discipline a child. *Davis v. State*, 104 S.W.3d 177, 181 (Tex.App.—Waco, 2003).

In this case, Appellant proffered to the Trial Court that he was aware of several incidents where A.R. had stabbed and pinched fellow classmates and had been disruptive enough to be sent home or serve in-school suspension. Appellant further proffered to the Trial Court that he had employed other means of discipline that A.R. had "laughed at."

Regardless of how the jury might have considered these in deciding the charge against Appellant, Appellant was deprived of the right to have

16

them consider it all. Moreover, it was proper for Appellant to present them in his defense.

### G. The excluded evidence was critical to the heart of Appellant's trial defense and denied Appellant Due Process.

Generally, the erroneous exclusion of a defendant's evidence generally constitutes non-constitutional error. *Walters v. State*, 247 S.W.3d 204, 221 (Tex. Crim. App. 2007). However, if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense, the ruling violates the defendant's constitutional right to due process and to present a meaningful defense. *See Potier v. State*, 68 S.W.3d 657, 665 (Tex.Crim.app. 2002).

In *Wiley v. State*, the Texas Court of Criminal Appeals discussed its decision in *Potier*. The Court of Criminal Appeals discussed two ways in which a ruling excluding evidence might rise to the level of violating the constitutional right to present a meaningful defense. *Wiley v. State*, 74 S.W.3d 399, 405 (Tex.Crim.App. 2002). The first involves an evidentiary ruling that categorically and arbitrarily prohibits a defendant from offering relevant evidence that is vital to his defense. *Id.* The second involves "a trial court's clearly erroneous ruling excluding otherwise, relevant, reliable evidence [that] 'forms such a vital portion of the case that exclusion

17

effectively precludes the defendant from presenting a defense." *Id.* (quoting *Potier*, 68 S.W.3d at 665).

The Trial Court's ruling excluding the school incidents violated Appellant's constitutional right to due process and to present a meaningful defense under the applicable standards in *Potier*. Without the evidence of A.R.'s past behavior, Appellant was not able to provide a context for the discipline chosen on, or about, August 19, 2013, and the reasonableness of the force he deemed necessary to promote the welfare of A.R. The Trial Court's ruling left the indicted incident in a vacuum without context and the ability for the jury to consider that context. The jury did not get to hear that A.R. had numerous incidents where she had injured other students. The jury did not get to hear that A.R. had been rebellious, disruptive and physically aggressive at school. These incidents were known to Appellant. For the jury to be able to accurately judge his chosen means of discipline and the reasonableness of the discipline imposed on A.R., they needed to know "the whole story." At the very least, the jury needed be provided with evidence of that which was known to Appellant.

## VII.

## CONCLUSION and PRAYER

Appellant respectfully requests that this Honorable Court of Appeals evaluate the issues in this matter as its' sister court did in *Davis v. State*, 104 S.W.2d 177 (Tex.App—Waco, 2003, no pet.). Further, he asks that this Court of Appeals find that the exclusion of evidence of A.R.'s past incidents at school did not allow him to put on the heart of his defense, and denied him due process guaranteed by the United States Constitution.

Appellant was entitled to defend himself by showing the jury what was known to him when he chose to discipline A.R. and the means and amount of force he chose to provide that discipline. The Trial Court acknowledged that Appellant had asserted and provided evidence to merit an instruction on a justification defense in the jury charge in his case. However, the Trial Court's Rule 403 ruling kept him from presenting the heart of his defense, which left the jury without the context necessary to judge Appellant's actions. The Trial Court's action excluding Appellant's evidence of prior misbehavior denied Appellant of due process and, as such, this Honorable Court of Appeals should reverse Appellant's conviction.

WHEREFORE, PREMISES CONSIDERED, Appellant, FREDERICK O'NEAL SCOTT, prays that this Honorable Court reverse and render the

19

conviction and sentence, or in the alternative, reverse and remand this case for a new trial on guilt/innocence and sentencing, and for any further relief that Appellant is entitled to in law, or, in equity.

Respectfully submitted,

LUIS A. MARTINEZ
P.O. Box 410
Victoria, Texas 77902-0410
(361) 676-2750 (Cell Telephone)
(361) 575-6764 (Office Telephone)
(361) 575-8454 (Facsimile)
lamvictoriacounty@gmail.com

By: _____
Luis A. Martinez
State Bar No. 24010213

ATTORNEY FOR THE APPELLANT,
FREDERICK O'NEAL SCOTT

## VIII.

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned, Luis A. Martinez, I hereby certify that the number of words in Appellant's First Amended Brief submitted on April 17, 2015, excluding those matters listed in Rule 9.4(i)(3), is 3, 453 words.

_____
Luis A. Martinez

## IX.

## CERTIFICATE OF SERVICE

I, hereby certify that a true, correct and complete copy of the foregoing First Amended Appellant's Brief has been served to those named below in the manner indicated on this the 17th day April, 2015.

Luis A. Martinez

*Via Email*
Mr. Robert Lassman
DeWitt Co. Dist. Atty's Office
DeWitt County Courthouse
307 N. Gonzalez
Cuero, Texas 77954