Court of Criminal Appeals
Of Texas
P.O.Bos 12308
Capitol Station
Austin, TX 78711

Nov, 2, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 09 2015
Abel Acosta, Clerk

RE: Ex Parte Nathan Rios Cause No.2003-404,583-A

Dear Mr. Acosta,

Please find enclosed Applicant's Objections and Response
to the Trial Court's Verbatim following of the State's Proposed
Findings of Fact and Conclusions of Law. Please file the same in
the Court's file as the Trial Court and State sent you the findings
after only less than 4 days of review combined by the trila court
and the State. Applicant understands that this document must be
filed in the trial court and has done so. Applicant files this
with this Honorable Court out of an abundance of caution to ensure
his objections are before the court at their first review.

Thank you for your time and effort Mr.Acosta, it is appreciated.

Sincerely, Nathan Rios
Nathan Rios
1261473
2101 FM 369 N.
Iowa Park, TX 76367

PS: Please see the certification of service page that indicates
this document was also filed in the trial court.

xc/my file                        1

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

CAUSE NO.2003-404,583-A

EX PARTE § IN THE 140th DISTRICT COURT

§ OF

NATHAN RIOS § LUBBOCK COUNTY,TEXAS

APPLICANT'S OBJECTIONS AND RESPONSE TO THE TRIAL
COURT'S VERBATIM FOLLOWING OF THE STATE'S PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Now comes Nathan Rios, Applicant pro se, and files his response to the trial Court's Findings of Fact and Conclusions of Law,hereafter FFC,as well as his objections thereof:

I.

Applicant first objects to the Trial Court's verbatim Findings of Fact and Conclusions of Law on the basis that the Findings are not supported by the record or evidence in these proceedings. Ex Parte Reed 271 SW 3d 698,727. This Honorable Court defers to the findings of the trial court in most situations when those findings are supported by the record. However, this Court in Reed supra also held that it should become skeptcal of findings that are not supported by the record and may review the writ de novo in the event that a number of the those findings are not supported by the record. The State, who presented no law to support either it's "State's Proposed" FFC, a two page document that amounts to a general denial, or their provided FFC supplied to the trial court, obviously spent very little time reviewing this writ that Applicant painstakingly took many years to research and prepare. This is so based on the erroneous findings supplied and most assuredly based on the time frame of review evidenced by the record itself. The Trial Court Judge's adjudication of the writ and verbatim following of the State's interpretation of the evidence combined took less than 4 days. These complained of four days include the day it was received,(See att-1)the returned receipt post stamped Oct.22,2015, and the day it was mailed to this Hon-

1

orable Court on Oct.26,2015. Please notice that the Clerk file Stamped the writ application itself at 2:54 PM on Oct.22,2015. Applicant actually received the State's and Trail Court's findings before he received the green card back. Of the 35 fives days alotted for the State's and Trail Court's review, a total of less than four days were spent on review of the merit of this claim. This in and of itself does not legally mean that due diligence wasn't taken by both of the parties. However, it does explain the Trial Court's verbatim following of the State's FFC. It also explains why the FFC are not supported by the record and evidence as Applicant will demonstrate below. Applicant asserts that this Court should become understandably skeptical of any findings that are wholly representative of the [adversary's], the State's, interpretation of the evidence. The statute itself, T.C.C.P.Art 11.07, contemplates the intentional and direct participation by the trail court in these proceedings and this important duty should not be relegated to a simple signing of the State's FFC, in the interest of justice, respectfully.

Applicant requests that this Honorable Court remand this writ application along with orders that this application be given a full and fair hearing on the issues presented as contemplated by the statute itself.

Applicant also requests that,in that process, the trial court be ordered to obtain affidavits from the challenged attorneys in order to properly develop the record to properly adjudicate these claims in a full and fair manner. The State should not be allowed to attempt to cure the error claimed by Applicant without the opportunity for the trial and appellate attorneys being afforded the right to express their own reasons for their actions. Applicant absolutely would not be allowed to give his opinion of why an attorney acted in a certain manner without the attorney being afforded the right to explain himself. The adversary's opinion of attorney conduct shouldn't be relied upon with out the attorney's own input. This is especially so when all parties have previously agreed,and still do agree, that there was error that was not objected to in this jury charge.(See EX-4 p.3 the Court of Appeals Opinion).

2

Applicant, alternatively, re-urges his motion for evidentiary hearings with appointed counsel considering the new laws ineffect concerning the appointment of counsel at the time of this filing, respectfully.

GROUND ONE: PAGE 2 OF THE FFC-INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO OBJECT TO THE INDICTMENT.

Although Applicant admits that the Count III of the indictment does contain the necessary language for attempted capital murder, Applicant's layman's argument reveals that, in line with his over-all writ theory, he should have never been charged with attempted capital murder because this was only an aggravated assualt. The very fact that the State's indictment contains two counts of agg. assualt demonstrates the necessity of the objection complained of herein. It is clear that Applicant was charged and convicted of attempted cap.murder that was predicated upon the underlying offense of aggravated assualt; an action that this Honorable Court in EX Parte Drinkert 821 SW 2d 953,955 stricktly prohibited. The probative evidence entered in support of the ground demonstrates Applicant's layman's need for raising this error in combination with the remaining grounds to demonstrate his cohesive theory of relief. The Trial Court misconstructs the issue simply because the indictment contains the Cap.Murder language in Count III.

GROUND TWO: PAGE 3 OF THE FFC-I.A.O.C. FOR FAILURE TO OBJECT TO THE ERRONEOUS JURY CHARGE.(EX-3).

This issue is perhaps the most serious issue in this case! Verbatim following of the State's FFC amounts to no meaningful adjudication in this instance. An instance where all agree that the jury charge is erroneous and unobjected to. The FFC at p.3 contains an implied finding of deficient performance by stating "This Court finds that prejudice has not been shown in this claim." The deficient performance here is the attorney's failure to object toto the legally erroneous jury charge. The state conceds that it is erroneous in both aspects raised by the Applicant's application and supported by law memorandum. This is so now and on direct appeal.(See EX-5 at p.10). The State's concession to the erroneous court's charge and attornay's failure demand the attorney be allowed the opportunity to answer as to why he would fail to object

3

an obviously erroneous jury charge in this instance where the error goes directly to the mens rea-in a result of conduct case-when the application paragraph fails to limit the cupable mental states in that manner. The only element relevant to this case, because it is a result of conduct case, is INTENT. Had the attorney properly objected to this charge, the trial court would have errer by failing to sustain the objection as a matter of law or face sure reversal on direct appeal if "any" harm was present. The State, on direct appeal(EX-5 p.11)conceeds that.."Thus the harm WAS NOT EGREGIOUS." The only reason Applicant was subjected to the egregious standard of harm was the LACK OF OBJECTION BY THE TRIAL ATTORNEY. The some or any harm standard announced in Almanza V State 686 SW 2d 157,171,clarified in Arline V State 721 SW 2d 348,351 as argued by Attorney Mansur on Direct Appeal at p.10-11 and relied on my Applicant at p.16-18. At page 18 of the memorandum Applicant pointed out that "unless all harm is abated, Applicant suffered some harm", Miller V State 815 SW 2d582,586 Fn5. The State has conceeded the error and the state has conceeded some harm. Therefore, the attorney was ineffective for failure to object. As the court in Banks V State 819 SW 2d at 680 pointed out, it was well settled law that cupable mental states must be limited in the application paragraph. In Alvardo V State 704 SW 2s at39, as Applicant thoroughly argues at page 15-16 of his memorandum of law, the Beggs earlier holding was reaffirmed. See also Attorney Mansur's PDR at p.6-7. In Alvardo the defendant objected and the case was reversed on appeal just as it would have been here had the attorney properly understood the law and objected. In order for this not to be a demonstration of deficient performance resulting ih prejudice to Applicant, the case law relied upon by Appplicant in this writ application would have to be effectively overruled or completely overlooked as Applicant opines was the case here at the trial court level who did nothing by follow the State's interpretation of the facts. That following reveals why it is necessary for this Honorable Court to remand this case back to the trial court for a full and fair hearing. The last paragraph of the State argument on this issue and the Trial Court's following of it, demonstrates Applicant's point above perfectly and is a

4

completele misleading and misstatement of law. In an attempt to explain away why the attorney would fail to object to the complete lack of definition concerning knowingly and intentionally in the abstract paragraph, the Trial Court specifically states .."[b]ut the application paragraph for the charged offense properly limited the jury's consideration of the requisite mental states to whether Applicant intentionally or knowingly attempted to cause the death of the two victims-which necessarily limit the jury's consideration to the result-of -conduct." This statement cannot be true by any theory of law absent a failure to object which the State is very careful to not mention, if it can even truly be said in that context considering that the state has, on many occasions, admitted the jury charge, including on line five of this same paragraph,...[f]ailed to limit the definition of "intentional" to the result of con duct and failed to contain the result of conduct language within the "knowingly definition... Did the application paragraph limit the cupable mental states or did it not? Was the attorney, under prevailing professional norms, required to object? He was and he did not! Had he objected, this case would have been overturned on direct appeal becasue some harm resulted according to the State at page 11 of their own response brief(EX-5).

The adversary in these proceedings, the State, whom the Trial Court followed verbatim, should not be allowed to speak for this attorney's deficient performance and cure this obvious harm that resulted from it. Applicant request, at a mimimumm, that this case be remanded for a full and fair evidentiary hearing in order to properly develop this record, otherwise this record absolutely does not support the Trial Court's FFC, again respectfully.

GROUND THREE: I.A.O.C. FAILURE TO PROPERLY REQUEST A LESSER INC-
LUDED OFFENSE.

This issue reveals that the Trial Court's FFC are not suppor-ted by the record. The State's interpretation of the evidence is also erroneous based upon their only reasoning being in opposition with the holding of The Court of Criminal Appeals.

In the first instance, as the attorney at(R IV 178) states"There is no evidence whatsoever that that was Nathan Rio's attempt." This goes specifically to INTENT TO KILL. Secondly, the attorney himself moved for a directed verdict based on no intent to kill. The attorney admits at 178 that Applicant fired into the car. If there was no intent to kill this was aggravated asualt in which the attorney admitted himself that Applicant fired at the car. The victims of this crime testified that no shots were fired at point blank range while Applicant was only 4 feet or less away. See page 1 of Applicant's Statement of Facts in his Direct Appeal R.IV 21-35. If Applicant intended to kill these people he would have fired at point blank range. (EX-4 p.4)The Court of Appeals Opinion, shows a fact that the state left out of its claim that Applicant pointed a handgun at the victims and pulling the trigger after they had all left their vehicle, that fact is no shots were fired and Applicant never left his vehicle. There is more than a scintilla of evidence to refute the intent to kill in this case and find Applicant guilty of only agg.assualt with D/W. The attorney, understanding there was no intent to kill,must must explain his trial strategy in not requesting the lesser charge after he admitted Applicant fired at the car.

The case law that this FFC is at odds with is Turner V State 805 SW 2d 423,430 as argued at p. 12 of Applicant's Appellant's Brief and Applicant's Memorandum of law at p.4,12,22,30. The Honorable Court of Criminal Appeals has explicitedly held..."[t]he mere intent to pull the trigger of a firearm will not satisfy the statute." Id. The State relied upon Applicant pulling the trigger of a firearm and the attempt to pull the trigger of the firearm at trial to convict Applicant on the nature of his conduct because this attorney failed to object to the jury charge. The State and the Trial Court rely on the same facts that this Honorable Court has already held do not fulfill the statue to pursuade this Honorable Court that it does in this verbatim following of the State's interpretation of the evidence. The State's "voluminous" claim of evidence showing that Applicant intended to cause the death of the victims based his shooting at them, falls woefully short of the fulfilling of the statute. However, the evidence that Applicant did fire a gun, being insufficient to fulfill the statute explains the attorney's belief at(R.IV 151,178).

If shooting at a car, as the State has repeatedly attempted to claim fulfills the statute of attempted capital murder, even if there were 20 people in the car, as opposed to shooting at the victims in this case at point blank range or pointing a gun at them but not firing shots, then the holdings in Turner supra are wrong. Otherwise this was an aggravated assualt and the attorney was responsible for requesting the lesser charge. Applicant, and all other parties in this crime were charged with agg.assualt W/DW See EX-1. The very fact that the lesser included charges are included in the indictment itself, lends credence to Applicant's position that the charge should have been requested based on the fact that aggravated assualt and attempted capital murer differ on the one point legally that this attorney cannot deny does not exisit, INTENT TO KILL(R.IV 151,178). Once the attorney conceded Applicant's guilt to a serious felony offense, it was his duty to request the lesser offense or expect the jury to acquit Applicant knowing a serious crime had occurred.(See p.21-28,emphasis added of the memorandum).

Furthermore, Applicant challenges the State to produce case law in support of their position here that pulling the trigger and pointing a gun constitutes "voluminous"evidence that Applicant intended to kill anyone, in opposition to this Court's holdings in Turner supra.

Furthermore, because Applicant has produced voluminous case authority for this claim, and the claim if true would entitle him to relief, further word from the attorney is necessary to resolve this claim. Although respected, the State's opinion regarding the attorney's performance does not constitute the development of the record necessary to resolve these claims.

GROUND FOUR: I.A.O.C.FAILURE TO RAISE THE THE TRIAL ATTORNEY'S FAILURE TO OBJECT TO THE JURY CHARGE ON DIRECT APPEAL

Attorney Mansur staunchly argued that the court's charge(EX-3) was erroneous. See Direct Appeal Brief and PDR Brief. Mr.Mansur realized the jury charge was unobjected to, See p.10-11 of his brief and realized the failure to object raised his burden of proof on appeal from "any" to "egregious and still felt strongly that the issue deverved reversal on direct appeal and PDR.

7

If this claim was meritorious on appeal under the burden of egregious, then it only follows that attorney Mansur believed that there was egregious harm which entails "any" Arline V State 721 SW 2d 348,351. It only follows that the reason this harm level was raised was the result of deficient performance. The likelihood of reversal on direct appeal, had this attorney raised the I.A.O.C. claim in conjunction with his claim of egregious error in the jury charge is certainly past a reasonable probability given how this attorney felt about the error in this charge.Furthermore, Mr.Mansur's professional explaination for not raising this issue must come from him and not from the State. Past this, Applicant has presented case law in support of the attorney raising the I.O.A.C. claim in conjunction with his egregious harm claim on direct appeal in which both were granted.(See Applicant's Memorandum at p.7 and 33).Banks V State 819 SW 2d 676,681.

Very simply, if there was some harm from this erroneous jury charge, then attorney McDonald was ineffective for failing to object to this erroneous jury charge and attorney Mansur was thereby ineffective for failing to raise that failure on direct. Either way, further record development is warranted based on the fact that if this issue is found true Applicant is entitled to relief.The very fact deficient performance was found in this issue must be considered. GROUND FIVE: I.A.O.C. The case authority relied upon by Applicant at p.34 of his memorandum, Barnard V Lane 819 F 2d 798,805 reveals that raising the failure to request the lesser included offense is cognizable and warranted in this case on direct review. It is completely unreasonable to believe that the State and Trial court reviewed Applicant's arguments and authority in this writ application in only four days or less. The state's reliance on this grond having no merit is obviously based upon their interpretation of the evidence being insufficient to show deficient performance for the trial attorney's failure to request the lesser included offense instruction after he admitted a serious crime was committed and then stated that there wasn'tevidence of intent to kill.(R.IV p.151,178).See also(R.IV 174).

Applicant is left with only the hope that this Honorable Reviewing Court will perform a meaningful review of Applicant's arguments and authority to support these claims.

## CONCLUSION

The issue of the erroneous jury cahrge and the conceded deficient performance for the attorney's failure to object to it, are so gremane to the complete theory of habeas relief that Applicant has presented in this writ application, that serious review of these issues are required. Applicant has been careful to not place a series of uninvolved and meritless issue before this court. Theis writ application is worthy of at least the attorney's involved participation as opposed to the State's interpretation of the evidence. The issues presented

Applicant has alleged facts that, if true, might entitle him to relief.Strickland V Washington 466 U.S. 688, Ex Parte Lemke 13 SW 3d 791,795-96. In these circumstances, additional facts are needed. As the Court of Criminal Apppeals held in Ex parte Rodriguez 334 SW 3d 294,294, the trial court is the appropriate forum for the findings of fact. The trial Court should provide Applicant's trial and appellate attorney with the opportunity to respond to Applicant's claims of ineffective assistance of counsel.

## PRAYER

Applicant respectfully prays that this Honorable Court remand this case to the trial court and order that these two attorney's be given the opportunity to respond to these claims. Alternatively, Applicant prays that this Honorable Court grant habeas relief in all five of these grounds and order the immediate release of the Applicant or retrial in a reasonable timeframe.

## CERTIFICATE OF SERVICE

I certify, by my signature below, that a true and correct copy of the above and foregoing document was sent to the addresses listed below on, _November 2,_ ,2015, by placing those copies in the United States Mail postage prepaid. The State's copy was sent certified.

Nathan Rios
1261473
2101 FM 369 N.
Iowa Park, TX 76367
Allred Unit

## INMATE DECLARATION

I, Nathan Rios, do hereby swear under the penalty of perjury that the statements contained within this document are true and correct to the best of my belief.

Nathan Rios.

Barbara Sucsy, District Clerk
Lubbock County Courthouse
P.O.Box 10536                    (certified)
Lubbock, TX 79408


Mathew D. Powell
Criminal District Attoenry
P.O.Box 10536
Lubbock, TX 79408-3536


Court of Criminal Appeals of Texas
P.O.Box 12308
Capitol Station
Austin, TX 78711

10



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lubbock County District Clerk
Barbara Sucsy
P.O. Box 10536
Lubbock, TX 79408-3536

9590 9403 0741 5196 3832 55

2. Article Number *(Transfer from service label)*

7015 0640 0006 5064 5265

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)* C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 2 2

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053

Domestic Return Receipt